## ALEXANDER WOOD

### *vs.*

## WILLIAM J. CULLEN, Imp'd., &c.

When an instrument is not shown to be lost or destroyed, the fact that it is shown to have been last in the hands of some person without the State, does not lay a foundation for introducing secondary evidence of its contents. *Williams vs. Kennedy,* 11 *Minn.,* 314; *McArdle vs. McArdle,* 12 *Minn.,* 98, followed.

Wood v. Cullen, Imp'd, &c.

The doctrine laid down in *Carson vs. Eaton*, 5 *Minn.*, 89, as to the right to acquire rights upon unsurveyed U. S. lands for municipal purposes, followed.

Although articles of partnership are in writing, a person who is held out as a partner, or is a dormant partner, although he did not sign the articles, may be sued and held jointly with those who did sign them.

This action was commenced in the District Court for Blue Earth county, and is brought here by the defendant Cullen, who appeals from the judgment of that Court. A sufficient statement of the case will be found in the opinion of the Court.

GEORGE L. OTIS for Appellant.

W. P. WARNER for Respondent.

*By the Court*—BERRY, J.—This action is brought against Wm. J. Cullen, sole appellant, and others, alleged to have been associated together in town site speculations, and doing business under the common name of "The Watonwan and Desmoins Land Company." The plaintiff seeks to recover compensation for services rendered by him under a written agreement, which by its terms was entered into "between Alexander Wood, * * * party of the first, and John B. Fish, * * * as agent of the Watonwan and Desmoins Land Company, party of the second part," and which sets forth, among other things, "that the said John B. Fish, as the said agent, has this day appointed the said Alexander Wood agent of the said Watonwan and Desmoins Land Company," and at a specified salary. The agreement is signed "Alexander Wood, John B. Fish, as agent for the Watonwan and Desmoins Land Company," and is under seal. Evidence was introduced by the plaintiff, tending to show that certain of the defendants, perhaps all except Cullen, signed an instrument in writing agreeing to take the number of shares set

opposite their names respectively, in "The Watonwan and Desmoins Land Company;" that the business of said company was the purchase of lands and location of town sites, and that by the instrument, Fish was appointed an agent for the purpose of carrying out the objects of the association. There was also evidence tending to show that the members of the company and Cullen ratified and approved of the agreement made by Fish with the plaintiff. It did not appear that Cullen signed the instrument spoken of, but there was evidence tending to show that he took part in the formation of the company, and in the conduct of its business, as perhaps a dormant partner. Secondary evidence of the contents of the instrument referred to was received, and one question which arises is whether a proper foundation was laid for its reception. It was not shown to be lost, or destroyed, but there was evidence tending to show that it was in the hands of one of two of the defendants residing out of this State. It did not, however, appear that any attempt had been made to procure it, except that one of the plaintiff's witnesses, who was also a signer of the instrument, had asked for it, and had not been able to "get hold" of it. The plaintiff himself had made no attempt to obtain it. He had not taken, nor attempted to take, the deposition of the persons to whose hands it was traced, nor had he given notice to the defendants, or any of them, to produce it upon the trial. We are of opinion, therefore, that no proper foundation was laid for the reception of secondary evidence of its contents. The fact that one or both of the persons to whose possession it was last traced resided out of the State, did not excuse from diligent effort to procure it. *Turner vs. Yates*, 16 *How.*, (*U. S.*) 26; 5 *Day*, 286.

It is said that as it is not claimed that Cullen signed the instrument referred to, but he is connected, if connected at all

with the company by acts *in pais* tending to show that he was a dormant partner, that therefore, the reception of secondary evidence of the contents of the instrument, could not prejudice him. But to this we do not assent, for to say nothing about the effect of this evidence in other respects, it certainly was important in establishing the agency of Fish, who made the contract with the plaintiff upon which this action is founded. For the error in receiving this secondary evidence, the judgment must be reversed. This conclusion would dispose of this case so far as the present appeal is concerned, but several other matters were argued at bar which we deem it proper to consider with reference to any future proceedings in the case. The action is brought to recover three installments of the salary of the plaintiff as agent, under the agreement before mentioned. The complaint shows that the right to two of these installments had accrued more than six years before the commencement of this action, and there was nothing in the pleadings, or evidence in the case, to take these two installments out of the statute of limitations. Under this state of facts, and in accordance with the decisions of this Court in *Williams vs. Kennedy*, 11 *Minn.*, 314, and *McArdle vs. McArdle*, 12 *Minn.*, 98, the appellant should have been held for the last installment only. There was evidence in the case tending to show that the plaintiff was a partner in "The Watonwan and Desmoins Land Company," and it was claimed that therefore he could not recover in this form of action. The defendant asked for leave to so amend his answer as to set up this state of facts by way of defense, but for reasons which are not apparent to us, the Court refused to permit the amendment. There would appear to be little room for doubt that the plaintiff was by his own showing a partner in the company. This fact would seem to be established by evidence which is quite as positive and convincing

as that by which it is claimed that Cullen is shown to have been a partner, and if established, a fair and full adjustment of the equities between the parties, and a determination of the real merits of the plaintiff's claim, would seem to require an investigation of the partnership accounts. We think the amendment asked for should have been allowed. The evidence tended to show that the town site of Jackson, to which the alleged agency of the plaintiff related, and of which he was, as such agent, to keep possession for the company, was on unsurveyed United States land. It is insisted by the defendant that if the object and business of the company was to take and hold possession of unsurveyed United States lands for town site purposes, that this was illegal, and that if the agreement between the company and the plaintiff was that he should hold possession of such lands for the company for such purposes, that the agreement was illegal, and will not be enforced. But another view has been taken by the Supreme Court of this State, a view which we do not feel at liberty to re-examine at this time. In *Carson and Eaton vs. Smith*, 5 *Minn.*, 89, it is said: "The Act of Congress of May 23d, 1844, under which towns or municipal pre-emptions are settled, and entered, goes hand in hand with the agricultural pre-emption laws, and the extension of the pre-emption laws to the unsurveyed lands in Minnesota by the act of August 4th, 1854, carried with it the right to acquire rights upon such lands for municipal, manufacturing and other purposes, recognized by the pre-emption laws." The views thus announced would appear to have been followed in several cases succeeding the case cited.

It was further argued that if Cullen, the appellant, did not sign the articles of association, before mentioned, he could not be held jointly with the persons who did sign them. If, however, as is claimed by the respondent, the evidence in the

case tended to show that Cullen was a dormant partner, or that he held himself out as a partner in the company, and ratified and approved of the agreement made by Fish with the plaintiff, the rule contended for would be incorrect. "If one is chargeable as partner because so held out, he may be treated as one not only by being made responsible, but by being joined with the partners in a suit against them." *Parsons on Partnership*, 134, and cases cited in notes. *A fortiori* the same rule must prevail where the person sought to be charged is not treated as a partner, simply because so held out, but because he is actually a partner, though dormant.

The only remaining point which we deem it necessary to consider, relates to the order to be made in this case. All of the defendants except four were defaulted below. As to one defendant, Medary, a discontinuance was entered. Three of the defendants answered, and judgment was entered below against all except Medary, Fish and Solryns, for $1230.35, and against Fish and Solryns for $394.62, which sum is designated in the judgment as "part and parcel of said sum of $1230.35." Cullen alone appealed. As under the views which we have expressed, Cullen is entitled to a reversal, and the judgment cannot be reversed as to him alone, without injuriously affecting the rights of his joint defendants, who do not appear in this Court, the judgment must be reversed as to all the defendants, and it is so ordered.