HENRY HENSEL *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAIL-
WAY COMPANY.

## June 13, 1887.

**Appeal—Review—Order Setting Aside Verdict.**—Rule in *Hicks* v. *Stone,*
13 Minn. 398, (434,) that this court will not reverse an order setting
aside a verdict as not justified by the evidence, unless the preponderance
of the evidence is manifestly and palpably in favor of the verdict, fol-
lowed.

**Check—Execution—Presumption.**—A check, (the drawer's signature be-
ing genuine,) in the hands of one not the drawer, is presumed to have
been complete when signed, and to have been then delivered to the payee.

**Same — Liability of One Receiving Payment on a Forged Indorse-
ment.**—If a check, payable to a payee named, or order, (it having been
delivered to the payee,) comes into the hands of one not entitled to it,
who forges the payee's indorsement, and passes the check to another per-
son, who receives the money on it, such other person is not liable for such
money to the drawer, but may be liable to the payee.

Plaintiff brought this action in the district court for Ramsey county,
to recover the amount of a check which he alleges that he delivered
to the defendant, and which he alleges the defendant had cashed but
refuses to give the plaintiff credit for it.    The plaintiff, (a drayman,)
in his complaint, alleges that he signed a blank check and gave it to
defendant's freight agent, Cooper, with instructions to fill it out with
the amount (then unascertained) of certain freight on goods which
had been hauled by the plaintiff from defendant's station, it being
customary for the plaintiff to pay freight and then collect it from his
customers; that the defendant permitted and caused the check to
be filled out so as to be payable to "Lenna Burt or order," for
the sum of $322.10, and permitted and caused the same to be in-
dorsed with the name of Lenna Burt, and presented the same to the
bank, and received the amount thereof, and that the defendant re-
fuses to give the plaintiff credit for the amount so received or to re-
turn it to plaintiff.    The answer denies that the defendant ever re-
ceived the check in blank or in the manner alleged in the complaint,

and alleges that one Lenna Burt (a stranger) presented the check, filled out as stated in the complaint, to defendant's freight agent, with the request that he cash the same; that the freight agent, knowing the plaintiff and his signature, cashed the check so indorsed by Lenna Burt, with the funds of the defendant, and that the defendant received payment of the same from the bank upon which it was drawn.

The action was tried before *Wilkin*, J., and a jury, and plaintiff had a verdict. He appeals from an order granting a new trial.

*John B. & W. H. Sanborn*, for appellant.

*John D. Howe* and *C. D. O'Brien*, for respondent.

GILFILLAN, C. J. Under the rule acted on by this court ever since *Hicks* v. *Stone*, 13 Minn. 398, (434,) to wit, that it will not reverse an order setting aside a verdict on the ground that it was not justified by the evidence, unless the preponderance of the evidence is manifestly and palpably in favor of the verdict, the order appealed from must be affirmed. The case, on the part of the plaintiff, depended on his testimony alone; that of defendant on the testimony of the witness Cooper alone. They contradicted each other throughout as squarely as two witnesses could. There is some element of improbability in the testimony of each. It is peculiarly a case in which the trial judge, by reason of seeing the witnesses, and observing their demeanor and manner of testifying, can determine better than we can which was most entitled to credit, and on which side was the fair preponderance of the proofs.

But the plaintiff urges that, conceding Cooper's testimony to be true, still he was entitled to a verdict. There was no controversy that plaintiff's signature to the check was genuine. The answer puts in issue the allegations that it was in blank when signed. Cooper denied *in toto* plaintiff's testimony that it was then in blank. If Cooper's testimony as to that was true, plaintiff's was false, and there is nothing to show that the check was not complete when signed. The presumption from the check itself, (the signature being genuine,) is that it was, when signed, complete, and that it was then delivered to the payee named in it, vesting the title to it in her. If the person who transferred it to defendant (as testified to by Cooper) was not the

payee, and the indorsement was not genuine, the wrong was done to the payee, whose property it was, and the receipt by defendant of the money it called for was of money to which she (and not this plaintiff) was entitled. In this view of the case, if the defendant became liable to any one, it was to the payee, and not to the plaintiff.

Order affirmed.