CHARLES F. POWELL *vs.* MARTIN HEISLER and others.

April 2, 1891.

Town Bonds—Action by Purchaser against Town Agents to Recover Price—Appellant Bound by Ruling Made at His Instance.—In an action to recover the price paid for town bonds sold to the plaintiff by the defendants as agents of the town, the plaintiff based his right of recovery on the theory, alleged in his complaint as a fact, that the law authorizing the execution of the bonds was unconstitutional. The court so ruled at the trial, and this was acquiesced in. *Held*, that on appeal the plaintiff will not be heard to contend to the contrary, as a reason for a reversal.

Same—Liability of Agents where Bonds were Void.—The plaintiff purchased the specific bonds knowing that they were issued, pursuant to a special statute, to raise money to be expended for the purpose therein stated; that the agents receiving the price of the bonds would so expend

the money for a purpose not beneficial to them. *Held*, that after the agents had thus expended the money received for the bonds they were not personally liable, even though the bonds were void by reason of the statute being unconstitutional.

**Review of Order Granting New Trial on the Evidence.**—Evidence *held* to justify granting a new trial as to two of the defendants, under the rule in *Hicks* v. *Stone*, 13 Minn. 398, (434.)

Action brought in the district court for Stearns county, to recover $2,007.50, being the price ($2,500) paid by plaintiff for the town bonds mentioned in the opinion, less certain payments. Plaintiff appeals from an order by *Searle*, J., denying his motion for a new trial as to the defendant Heisler. The other defendants appeal from an order granting a new trial as to them.

*Reynolds & Stewart*, for plaintiff.

*D. W. Bruckart* and *Theo. Bruener*, for defendants.

DICKINSON, J.[1] The facts upon which this action is founded, as shown by the case, are as follows: In 1878 a special law was enacted by the legislature (chapter 126) in terms authorizing certain towns, including that of Lake Henry, to issue town bonds for the purpose of raising money to supply seed wheat to sufferers from the ravages of grasshoppers. Pursuant to that act the bonds of the town of Lake Henry were issued, payable to this plaintiff, to the amount of $2,500, and the defendants were designated and acted as a committee or agents of the town for their negotiation. The plaintiff purchased the bonds at their face value, paying that sum to the defendant Heisler, who expended all of it, excepting $56, in the purchase of wheat. The $56 was used by Heisler for his expenses incurred in procuring the wheat. The wheat was distributed, and promissory notes for payment were taken from the persons to whom it was supplied. These notes amounted to $2,500, and were payable either to the town or its committee, or else to the committee alone. Collections were afterwards made by the defendants on these notes, and the proceeds paid to the plaintiff, to be applied on the bonds. Of the amounts collected on these notes, however, $200 was retained by

---

[1] Mitchell, J., being necessarily absent when this decision was filed, did not participate therein.

the committee, and paid as attorney's fees and expenses in certain litigation, the nature of which is not clearly disclosed by the evidence. When the plaintiff purchased the bonds, he knew the purpose for which, and the authority under which, they had been issued. The court charged that the plaintiff might recover against the defendants whatever they had collected on the notes· and had not paid over to the plaintiff, and that the recovery should include the $56 retained out of the money received for the bonds, with interest, and the $200 collected and applied in payment of the expenses of the litigation referred to. The jury rendered a verdict against the defendant Heisler alone for the amount of the $200 and the $56 and interest.

The plaintiff, in his complaint, alleged that the legislative act authorizing the issuing of these bonds was unconstitutional and void, and that the bonds were for that reason void; and at the trial the court in effect so instructed the jury. To this neither party took exception. It is apparent that the case was tried and determined upon that theory, both by the parties and by the court; but now, on this appeal, the plaintiff contends that the law was *not* unconstitutional, and asks that it be so determined by this court. The question is not properly involved in this appeal, and we do not decide it. The plaintiff must be taken to have asserted and conceded, for the purposes of the trial and determination of this action, that the law was unconstitutional, and the bonds invalid; and, the court having disposed of the case upon that theory, the plaintiff cannot now, and in the same action, ask that the opposite view be adopted as a premise from which to claim that the trial and determination were erroneous. What was thus conceded by the parties and ruled by the court is to be taken as the law for the decision of the case. We therefore assume that the bonds were invalid because of the act authorizing them being unconstitutional.

The further contention between the parties is as to whether, the bonds being void, the plaintiff is entitled to recover from the defendants the purchase-money paid therefor. The claim of the plaintiff is that he is so entitled to recover on the ground of a failure of consideration. No such legal liability can be deemed to rest on the defendants under the circumstances of this case. *Otis* v. *Cullum*, 92 U. S.

447. The plaintiff purchased these specific bonds, fully knowing the facts. He knew that they were issued pursuant to the special law, and for the purpose specified in the law; that these defendants were mere agents to dispose of the bonds, in order that funds might be raised to be expended for a purpose not beneficial to them, and in which they had no personal interest. The bonds did not represent any obligation of the defendants. They are not chargeable with any deception or wrong, nor with any implied guaranty, nor with any breach of duty, either legal or moral, in selling the bonds, expending the money in the purchase of wheat, and in distributing it, as was contemplated by the special law, and as the plaintiff expected would be done. Having thus expended the money for the purpose contemplated, although it be conceded that the law was unconstitutional, no legal principle would justify holding the defendants personally liable to repay a like sum to the plaintiff. The plaintiff, therefore, cannot succeed in his appeal from the order refusing a new trial as to the defendant Heisler.

The verdict of the jury having been against the defendant Heisler alone, the court granted the plaintiff's motion for a new trial as to the other two defendants, Winter and Wendeler, contingent, however, upon their neglect to file a stipulation consenting that judgment for the sum awarded against the defendant Heisler be entered also against them. In behalf of those two defendants, (who are treated in both briefs as appellants, although the record does not show any appeal by them,) it is urged that the evidence would not have justified a conclusion that they received or had the benefit of any of the money which is the basis of the recovery against Heisler. To the extent of the $200 involved in the recovery there was evidence reasonably tending to show that it was used for the common benefit of all the defendants, and under the rule in *Hicks* v. *Stone*, 13 Minn. 398, (434,) and many other decisions following that, the order should be affirmed.

Order affirmed.