BROWN & HAYWOOD COMPANY v. CHARLES N. CHADBOURN and
Others.[1]

Oct. 17, 1895.

Nos. 9517—(32).

**Fraud—Sufficiency of Evidence.**
> *Held*, that a new trial was properly granted on the ground that the ver-
> dict was unsupported by the evidence.

Action in the district court for Hennepin county. The com-
plaint alleged in substance that defendants conspired to procure the
building of valuable improvements, without paying for them, on
the land standing in the name of defendant Charles N. Chadbourn,
but in fact owned by his father, defendant C. H. Chadbourn; that
in pursuance of said conspiracy defendant Charles N. Chadbourn
conveyed the land without consideration to defendant Ackerwold,
who thereupon mortgaged it without consideration to said Charles
N. Chadbourn's sister; that in pursuance of the conspiracy de-
fendant Dahl, representing to plaintiff that he was erecting a build-
ing on said land for defendants Chadbourn, who would pay plain-
tiff, induced plaintiff to furnish materials of the value of $275 for
said building, which were used therein; that thereafter the form
of foreclosing the mortgage was gone through with and the prem-
ises were sold on such foreclosure to one Ross, who held the title
thereto for defendants Chadbourn; that $100 had been paid by said
Chadbourns; that plaintiff had been damaged to the amount of
$175 and interest; that the property was not worth the amount
required to redeem it from the pretended mortgage lien; and that
defendants Chadbourn disclaimed personal liability. Plaintiff had
a verdict for $199.40. From an order, Elliott, J., granting the mo-
tion of defendants Chadbourn for a new trial, plaintiff appealed.
Affirmed.

*F. B. Hart* and *J. H. Cook*, for appellant.
*James O. Pierce*, for respondents.

[1] Reported in 64 N. W. 566.

MITCHELL, J.    Appeal from an order granting a new trial on the ground that the verdict for the plaintiff was not justified by the evidence.

In the order the court states, in effect, that he was of opinion that there was no evidence whatever to support the verdict. In view of this, the plaintiff contends that the order granting a new trial must be reversed if it appears that there was in fact evidence sufficient to support the verdict; while the defendants' contention is that it is immaterial whether the court was right or wrong in his opinion that there was an absence of any evidence to support the verdict; that, the new trial having been granted on the statutory ground that the verdict was not justified by the evidence, the familiar rule of Hicks v. Stone, 13 Minn. 398 (434). applies.    It is not necessary to determine which party is right, for, after a careful examination of the entire record, we are satisfied that the evidence was wholly insufficient to support the verdict.

The action was brought to recover for material furnished by plaintiff for the construction of a certain building. The gist of plaintiff's action, and the theory upon which it wholly proceeded, was that the building referred to was constructed by and for the Chadbourns, and that it, as well as the lot on which it was erected, was in fact always their property; that the pretended sale of the lot by them to Dahl, and the conveyance of it, in pursuance of that sale, to Ackerwold, and the mortgage by the latter back to Chadbourn's sister, Topliff, were merely sham and colorable, and in pursuance of a fraudulent conspiracy entered into between the Chadbourns, Dahl, and Ackerwold to enable the Chadbourns to secure the erection of a building on their lot without paying for it, and thereby cheating out of their pay those who furnished labor and materials for the building.

We can readily see how such a scheme might be attempted to be carried out in the manner suggested, by pretending to sell a lot on time to an irresponsible party, and taking back from him a mortgage for the alleged purchase money and for a loan of enough money to enable him to keep himself afloat until the contemplated building was completed, with the intention that the real owner, but pretended grantor and mortgagee, should then step in, and take the entire property on his pretended mortgage, leaving a great part

of the material men and laborers unpaid.    And it may be, as plaintiff's counsel claim, that this fraudulent device is frequently resorted to by dishonest men to secure the improvement of their real estate without paying for it.    Whenever such a case is proven, the material men and laborers would unquestionably be entitled to recover against the actual owner of the property.    But there was no evidence reasonably tending to prove that this was such a case. In our judgment, the most that the evidence possibly tends to show is that the Chadbourns may have made an advantageous bargain in selling their lot for a very liberal price, and may have been more intent on this than on the pecuniary interests of Dahl, the purchaser, or of those who might give him credit while erecting the building; but that the sale was an actual, and not a merely colorable, one, and that Dahl was erecting the building for himself, and not for the Chadbourns, we think the evidence is conclusive; and, that being so, the entire foundation upon which plaintiff's action rests falls to the ground.    The evidence is too voluminous to be discussed at length, but one fact is worthy of special mention. The building erected by Dahl cost and is worth some $10,000 or $12,000.    It appears that all of this was in fact paid for by him, except the paltry sum of $300 or $400, of which plaintiff's bill of $175 was a part.    The very idea that any business man would take the trouble and assume the risk of entering into such a fraudulent scheme as that charged for the purpose of saving this infinitesimal part of the cost of a building is so improbable as to be beyond reasonable belief.

Order affirmed.