## JULIA GUTHRIE v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 24, 1897.

Nos. 10,921—(130).

Appeal—Review of Evidence—Hicks v. Stone, Followed.
The case of Hicks v. Stone, 13 Minn. 398 (434), followed.

Appeal by plaintiff from an order of the district court for Stearns county, Searle, J., granting a motion by defendant for a new trial. Affirmed.

*Calhoun & Bennett*, for appellant.
*William R. Begg*, for respondent.

BUCK, J.

Archie Guthrie, while in the employ of defendant as brakeman, was run over and killed by a locomotive and tender in charge of one of defendant's engineers. The plaintiff who was the wife of the deceased brought this action, as administratrix of his estate, to recover for the injury causing his death. The case was tried before a jury and resulted in a verdict for the plaintiff for the sum of $5,000. The defendant moved for judgment notwithstanding the verdict and for a new trial, alleging as grounds therefor excessive damages, that the verdict was not justified by the evidence and

[1] Reported in 72 N. W. 1074.

was contrary to law, and for error in law occurring on the trial and duly excepted to. The motion for judgment was denied but the motion for a new trial was granted. The court in its order did not specify upon what particular ground the new trial was granted.

There are no facts in this case which should cause us to depart from the rule laid down in the case of Hicks v. Stone, 13 Minn. 398 (434), and repeatedly followed by other decisions in this court to the effect that, upon an appeal from an order of the district court granting a new trial on the ground that the evidence is insufficient to justify the verdict, great weight will be given by this court to the opinion of the trial judge, and that it is only when this court is satisfied that the preponderance of evidence is manifestly and palpably in favor of the verdict that such an order will be reversed. The broad grounds covered by the motion and the order of the court granting a new trial bring the case within the rule in Hicks v. Stone, and hence the order must be affirmed.

So ordered.