GOTTFRIED STROBEL v. GEORGE SCHULTE and Another.

May 25, 1900.

Nos. 12,088—(100).

### New Trial after Verdict—Hicks v. Stone Followed.

The preponderance of the evidence in this case is not so manifestly in favor of the verdict as to justify a reversal of the order granting a new trial.

Action in the district court for Blue Earth county to recover $200 damages for trespass. The case was tried before Severance, J., and a jury, which rendered a verdict in favor of defendants. From an order granting a motion for a new trial, they appealed. Affirmed.

*Thos. Hughes* and *W. E. Young*, for appellants.
*Lorin Cray* and *Pfau & Pfau*, for respondent.

START, C. J.

On the north line of the plaintiff's farm there is a public highway, in the township of Mankato, running east and west across a small slough. The outlet of this slough is a small, natural stream, which starts at its southerly edge on plaintiff's land, and runs southeasterly to a lake. On July 10, 1897, the defendants entered upon the plaintiff's land and dug or cleared out a ditch thereon from the south side of the highway to the head of the stream. This action was brought to recover damages for the alleged trespass.

The defendants' alleged justification of such entry was that the locus in quo was at the time and had been for more than twenty years a public ditch, maintained by the public, and used for the purpose of draining the highway at the point where it crosses the slough, and that the defendant Schulte, as one of the town supervisors, with the assistance of his codefendant, lawfully entered upon the premises and cleaned out the ditch. On the trial the defendants claimed that the public had acquired an easement to use

and maintain the ditch for the purpose of draining the highway by adverse possession and user. The jury found for the defendants. Thereupon the plaintiff made an alternative motion for judgment notwithstanding the verdict, or for a new trial. The court granted a new trial, and the defendants appealed from the order.

The only question for the decision of this court is whether this case falls within the doctrine of Hicks v. Stone, 13 Minn. 398 (434). The defendants claim that it does, for the reason that the evidence is practically conclusive that the public used the ditch in question continuously to drain its highway from 1870 to 1895, when the plaintiff wrongfully closed it. On the other hand, the plaintiff, not to be outdone by the defendants, claims that the evidence is conclusive that the public never acquired by prescription or otherwise an easement to maintain the ditch, and that he is entitled to judgment notwithstanding the verdict. Neither party is right. It will not serve any practical purpose to discuss the evidence. We have examined it, and reached the conclusion that the preponderance of the evidence is not so manifestly in favor of the verdict as to justify a reversal of the order granting a new trial.

Order affirmed.