GEORGE A. LAMERS and Others v. BUTLER-RYAN COMPANY.[1]

December 19, 1902.

Nos. 13,154—(154).

## New Trial—Reversal of Order—Evidence.

Application of the rule that this court will not reverse an order of the court below granting a motion for a new trial unless the evidence was manifestly and palpably in favor of the verdict.

Appeal by plaintiffs from an order of the district court for Hennepin county, Elliott, J., granting a motion for a new trial, after a trial and verdict in favor of plaintiff for $1,242.50. Affirmed.

*J. N. Searles*, for appellants.

*How, Taylor & Mitchell*, for respondent.

COLLINS, J.

This was an action to recover a balance claimed to be due for the use of certain horses and harness belonging to the plaintiffs, and hired out by them to defendant at an agreed price per month, and also to recover for damages for an alleged breach of the contract respecting the care and treatment of said horses while in defendant's possession. The plaintiffs recovered on both causes of action, and upon a motion for a new trial the court below set aside the verdict, stating as a reason therefor that it was not sustained by the evidence.

In support of the order appealed from it is urged by counsel for the defendants (respondents in this court) that there were errors in the rulings of the court during the trial, which were in themselves sufficient to sustain the order, but we do not find it advisable or necessary at this time to consider these rulings. We are decidedly of the opinion that the verdict of the jury, in so far as the sufficiency of the evidence was concerned, should have been sustained; but we cannot say that there was reversible error in setting it aside. Under the rule which has prevailed for many

[1] Reported in 92 N. W. 523.

years in this court, we are not justified in reversing the order appealed from unless the preponderance of evidence in favor of the verdict was so manifest and palpable as to warrant the assertion that the court below abused its discretion when making the order which granted a new trial. We cannot so hold, for there was a conflict of testimony on material points. In applying the rule this court has invariably and properly gone to considerable extent in sustaining trial judges. Years of observation justify us in saying that it is the only safe rule to adopt, and that, generally, justice is promoted by following it.

Order affirmed.