## JACOB LOS v. GEORGE V. SCHERER.[1]

### November 13, 1903.

### Nos. 13,633—(65).

**New Trial.**

> The preponderance of the evidence as to the payment of the note sued upon was not manifestly and palpably in favor of defendant, and under the rule in Hicks v. Stone, 13 Minn. 398 (434), the court was justified in granting a new trial.

Appeal by defendant from an order of the district court for Martin county, Quinn, J., granting a motion for a new trial. Affirmed.

[1] Reported in 97 N. W. 123.

*Mathwig, Sasse & Hopp,* for appellant.
*Allen & Ward,* for respondent.

LEWIS, J.

Action upon promissory note. Defense that the note, with interest, had been paid. At the trial, plaintiff introduced the note in evidence, and proved that the body of the note, including the name of the payee (plaintiff), was written by plaintiff. Defendant testified that he had paid the note, and, in corroboration of his testimony, introduced in evidence a receipt which contained a statement of account amounting to the face of the note, purporting to be signed by plaintiff. The court submitted to the jury the question whether or not the note had been paid, and the jury returned a verdict for defendant. Plaintiff moved for a new trial upon the ground that the verdict was not justi-fied by the evidence, and that the court erred in giving certain instructions. The motion was granted upon the ground, as stated in the order, "for the reason that the verdict is palpably against the weight of evidence." From this order, defendant appealed.

The only question presented on this appeal is, was a new trial properly ordered upon the ground that the verdict was not justified by the evidence? The plaintiff was not present and did not testify at the trial, and it is claimed by defendant that defendant's testimony in respect to payment stands uncontradicted, and that the preponderance of the evidence was manifestly and palpably in favor of the verdict. From an examination of the note and defendant's signature in the body thereof, and the writing and signature contained in the memorandum book at the bottom of the receipt, a reasonable doubt arises as to the genuineness of the signature to the receipt. Upon the question of the validity of the receipt, the preponderance of the evidence was not manifestly and palpably in favor of either party, and it was a question for the jury. It would follow that, if there was a reasonable question as to the validity of the receipt, then the credibility of defendant as a witness should be considered with reference thereto, and, in determining his credibility, his manner of testifying, the character of his explanation as to when and how the payment was made, were all questions peculiarly for the consideration of the court and jury. Hence, if the trial court, in reviewing the testimony upon a

motion for a new trial, became satisfied that, in the interest of justice, a new trial ought to be granted because, in his judgment, the evidence did not support the verdict, his decision cannot be reversed, under the well-known rule of Hicks v. Stone, 13 Minn. 398 (434).

We are of the opinion that the preponderance of the evidence was not manifestly and palpably in favor of the verdict. Although the court stated in the order granting a new trial that the verdict was palpably against the weight of evidence, it was not necessary, and such statement is not conclusive upon this court. If the order was properly made for any reason, it must be sustained.

Order affirmed.