### MAX EPSTEIN v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[1]

#### May 26, 1905.

#### Nos. 14,306—(103).

Appeal by plaintiff from an order of the district court for Hennepin county, Simpson, J., granting a motion for a new trial unless plaintiff should consent that the verdict be reduced to $125, after a trial and verdict in favor of plaintiff for $300. Affirmed.

*Wm. B. McIntyre*, for appellant.

*A. G. Briggs* and *T. P. McNamara*, for respondent.

PER CURIAM.

Action to recover damages for the wrongful taking and carrying away of a quantity of sand and soil from the rear of plaintiff's lot in Minneapolis. The action was tried before a jury, and a verdict for $300 returned for plaintiff, whereupon defendant moved for a new trial upon several grounds; among them, that the verdict was not justified by the evidence and was contrary to law. The motion for a new trial was granted unless plaintiff would consent to a reduction of the verdict to $125, which plaintiff refused, and appealed from the order.

The lot was thirty-two feet wide by one hundred twenty-two feet in length, located between Washington avenue and the river. The front of the lot was upon grade, and ran back for a distance of about fifty feet, and then sloped upward until at the rear it was about five or six feet above the grade. The material was taken from the high portion at the back of the lot, causing it to

[1] Reported in 104 N. W. 12.

slope off to the grade. The witness on the part of plaintiff placed the damage at from $250 to $325, and defendant's witness testified that there was no damage at all.

While the motion for a new trial was based upon all of the statutory grounds, it is evident from the order itself that a new trial was granted upon the ground that the court did not consider the verdict justified by the evidence. It does not appear that the court exceeded the limits of sound discretion in granting the new trial, and the case is controlled by the familiar case of Hicks v. Stone, 13 Minn. 398 (434).

Order affirmed.