AMANDA NELSON v. MISSISSIPPI & RUM RIVER BOOM COMPANY.[1]

December 14, 1906.

Nos. 15,047, 15,048—(12, 13).

**Evidence—New Trial.**

In an action to recover damages, alleged to have been caused to plaintiff's property by the maintenance of defendant's piers, booms, and sorting works in the Mississippi river adjacent thereto, it is *held*, that the evidence is not conclusive that the damage complained of was occasioned by an unprecedented rainfall, and further, that the order of the trial court granting a new trial should be sustained under the rule of Hicks v. Stone, 13 Minn. 398 (434).

Action in the district court for Anoka county to recover $1,600 for injuries to plaintiff's land. The case was tried before Giddings, J., and a jury, which rendered a verdict in favor of the plaintiff for $950. Defendant appealed from that part of an order which denied its motion for judgment notwithstanding the verdict, and plaintiff from that part which granted a new trial. Affirmed on both appeals.

*James A. Peterson* and *A. F. Pratt,* for plaintiff.

*Cohen, Atwater & Shaw* and *W. E. Dodge,* for defendant.

BROWN, J.

Plaintiff is the owner of certain land situated in Anoka county, bordering on the Mississippi river, and occupied by her and her husband as a dairy farm. Since 1896, defendant has maintained in the river below plaintiff's premises a structure known as a "sorting gap," used for the purpose of holding logs floating down the river until they can be sorted and distributed to their respective owners. It also constructed and maintained in the river, adjacent to plaintiff's premises, certain booms and piers used in connection with the sorting gap below. Prior to June, 1902, it is claimed by plaintiff, the maintenance of defendant's structures had caused injury and damage to her riparian rights, and she brought suit to recover damages therefor.

Some time after the suit was brought, the parties entered into a

[1] Reported in 109 N. W. 1118.

settlement by which it was agreed that defendant might for the term of five years, in consideration of the sum of $200 per year, continue the maintenance of its piers and booms, and other structures in the river, adjacent to and fronting plaintiff's property, substantially in the position in which they had theretofore been maintained; provided that the grant "should not be construed to give to said second party [defendant] the right, privilege, license, or easement hereafter to wash away any material part of the banks along said lands beyond the present water line, which water line for the purpose of this instrument is hereby agreed to be as shown by Exhibit A, hereto attached, and made part hereof." It is claimed by plaintiff that since the date of that contract, and particularly during the months of April, May, and June, 1905, by reason of the construction and maintenance of defendant's works in the river adjacent to her property, and the accumulation therein by defendant of a large quantity of logs, the channel of the river was changed from the center of the stream to the side thereof bordering on plaintiff's land, by reason of which plaintiff's banks were washed away, and other damage done to her property.

She brought this action to recover damages on the claim that the special provision in the contract above referred to had been violated, and that her land had been damaged to the sum of $1,600. She had a verdict in the court below for $950.

Subsequent to the trial, defendant moved in the alternative for judgment notwithstanding the verdict, or for a new trial. The court denied the motion for judgment, but granted a new trial. Both parties appealed; the plaintiff from so much of the order as granted a new trial, and defendant from the portion denying its motion for judgment.

It is contended by defendant, in support of the claim, that the court erred in not granting judgment notwithstanding the verdict, that the injury to plaintiff's land occurred during the months of June and July, 1905, and was occasioned by the unprecedented rainfall which caused the waters of the Mississippi river to rise to a level before unknown, and to a height of nine feet above plaintiff's banks, and that for injuries occurring during that time, being occasioned by the incessant and unprecedented rainfall, defendant is not liable.

On the other hand, plaintiff contends that the maintenance of defendant's works diverted the channel of the river, and caused a swift cur-

rent along her shore, thus washing away her banks, flooding the property, and destroying a spring upon her premises.

We are unable to concur with defendant that it is entitled to judgment on the merits, notwithstanding the verdict. A careful reading of the evidence leads to the conclusion that the question whether defendant's works, booms, piers, and other structures resulted in the diversion of the channel of the river, causing the water to flow rapidly along plaintiff's shore and damaging it, as claimed, was a question for the jury to determine. We are impressed, however, that the unusual rainfall in June, 1905, was the principal cause of the damage complained of, but the evidence sustaining that view is not so clear and persuasive as to make the question one of law.

This leads to a consideration of the merits of plaintiff's appeal from the order granting a new trial. The motion for a new trial was based on the ground of errors in law occurring at the trial, excepted to by defendant; that the verdict was not justified by the evidence, and that the damages awarded by the jury were excessive.

We sustain the order granting the new trial on the rule of Hicks v. Stone, 13 Minn. 398 (434), it expressly appearing from the order of the court below that the new trial was granted for the reasons specified and stated in the notice of motion, which included, as we have already observed, the contention that the verdict was not sustained by the evidence, and, further, that the damages were excessive. The case comes fairly within the rule by which we sustain orders of this kind as discretionary. The evidence is neither clearly nor palpably in favor of plaintiff's theory of the case, and the court might well have found that the damages awarded by the jury are excessive.

The contention of plaintiff that the damages are not excessive, because no evidence was offered by defendant tending to contradict the estimates given by witnesses for plaintiff, is not sound. In actions of this nature, to recover unliquidated damages, the court is not concluded by estimates of witnesses as to the loss sustained. The damages must be determined from a consideration of all the evidence showing the nature of the injuries, the condition of the property before and after, and the value in general of property in the vicinity, and not solely from opinion evidence. Opinion evidence is proper and competent, but not conclusive. The quantity of land damaged in the case at bar was exceedingly small,

and the photographs taken after the flood had receded disclosed that plaintiff's land along the shore was not in fact injured to the extent the testimony in the record would indicate.

On the whole, we are forced to the conclusion that on either ground, viz., that the verdict is not sustained by the evidence, or that the damages are excessive, the order, granting a new trial, was clearly within the discretion of the court below, and we would not, within the rules applicable to such a case, be justified in interfering with it.

In view of a new trial, we may add that the contention of defendant that the damage to the spring, alleged to have been destroyed, was special, and should have been specially pleaded, is not well taken. The measure of damages applicable to the case is the difference in value of the land before and after the acts complained of, in determining which the injury to the spring should be taken into consideration. It is unnecessary to consider other alleged errors. They are not likely to occur on another trial.

Order affirmed on both appeals.