THEODORE HAMM BREWING COMPANY v. BERTHOLD F. KNEISE
and Others.[1]

April 19, 1907.

Nos. 15,169—(50).

Appeal by defendant Theodore Kluver from an order of the district court for Nobles county, Quinn, J., acting for the judge of the Thirteenth judicial district, granting a motion for a new trial, after a trial and findings in favor of defendants. Affirmed.

Geo. W. Wilson & Son, for appellant.

Town & Jones, for respondent.

PER CURIAM.

Respondent obtained judgment against defendant B. F. Kneise on February 11, 1905, and, execution having been returned unsatisfied, this action was brought to declare void a conveyance of certain real estate executed by Mr. Kneise and his wife to appellant, Kluver, upon the ground that it was for the purpose of defrauding respondent, a creditor. The trial court found that the judgment was entered and that the premises were conveyed as stated, but found that the evidence did not sustain the allegation of the complaint that the conveyance was made with intent to hinder, delay, and defraud respondent in the collection of its claim; that the conveyance was in good faith so far as appellant, Kluver, was concerned. Thereupon the parties entered into a stipulation in writing which set forth that the respondent might make a motion for a new trial on a certain date, upon the ground that the order for judgment was not justified by the evidence and was contrary to law, waiving notice of the motion and appearance, and also stipulating that the trial judge might consider and determine the motion at any time to suit his convenience. The matter having come on before the court upon stipulation, a new trial was granted upon the ground that the decision was not in accordance with the weight of the evidence, from which order the defendant Kluver appealed.

1. The evidence is not manifestly and palpably in favor of the decision, and the order granting the new trial for insufficiency of the evidence will not be reversed, under the rule of Hicks v. Stone, 13 Minn. 398 (434).

2. Appellant having entered into a stipulation that the motion for a new trial might be brought on before the court upon the ground stated, waiving notice of motion, cannot question the validity of his act by claiming that a motion should have been made, specifying errors.

Order affirmed.

[1] Reported in 111 N. W. 577.