PETER HANSEN v. FRANCIS O. LEE.[1]

May 15, 1908.

Nos. 15,522—(34).

**Evidence.**

The center of a certain quarter section of land being in dispute:
*Held*, that the point established as the center by appellant's witnesses was not manifestly and palpably supported by the evidence.

**Rule of Hicks v. Stone.**

The order of the trial court granting a new trial upon the ground that the evidence was not sufficient to support the verdict is affirmed under the rule of Hicks v. Stone, 13 Minn. 398 (434).

Action of ejectment in the district court for Jackson county. The case was tried before Quinn, J., and a jury which rendered a verdict in favor of plaintiff. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*Knox & Faber,* for appellant.

*E. T. Smith,* for respondent.

LEWIS, J.

Action in ejectment to recover possession of a strip of land described as follows: "Commencing at a point 379½ feet south from the center of the southeast quarter of section 23 in township number 102, north of range number 35, west of the fifth principal meridian, thence running due east 379½ feet, thence running due south 36 feet, thence running due west 379½ feet, thence running due north 36 feet to place of beginning." The answer denied that appellant was the owner, and specially pleaded that the respondent had acquired title to the premises by adverse possession. The jury returned a general verdict for appellant, as follows: "We, the jury, * * * find for the plaintiff, that the plaintiff is the owner of a strip of land 19½ feet wide at the west end and 6 inches wide at the east end, along and upon the north side of the defendant's fence extending east and west along the south side of the premises described in the complaint." The jury also returned a special verdict to the effect that

[1] Reported in 116 N. W. 482.

the respondent and his grantors had not acquired title to the land by adverse possession. Respondent moved for a new trial upon the ground that the verdicts were not justified by the evidence and were contrary to law. The trial court granted the motion and ordered a new trial upon the ground that the verdicts were palpably against the weight of evidence. Under the rule of Hicks v. Stone, 13 Minn. 398 (434), the order of the trial court must be affirmed, unless the evidence is manifestly and palpably in favor of the general verdict.

Appellant introduced in evidence a deed dated October 18, 1879, from Frank E. Bailey, the then owner, to Frederick A. Chittenden, to premises described as follows: "Commencing at the northwest corner of the southeast quarter of section number 23, in town number 102 north of range number 35 west; thence running south twenty two rods, thence east twenty two rods, thence north twenty two rods, thence west twenty two rods to the place of beginning." Also a deed dated May 8, 1883, from Frank E. Bailey to M. R. Ebert, to premises described as follows: "Commencing twenty three rods south of the northeast corner of the southwest quarter of the southeast quarter of said section 23 * * * thence running south ten rods, thence east twenty three rods, thence north ten rods, thence west twenty three rods to the place of beginning." Also a deed from Frank E. Bailey to F. A. Chittenden dated September 8, 1884, to premises described as follows: "Commencing twenty two rods south of the center of the southeast quarter of section 23 * * * thence running east twenty two rods, thence north one rod, thence east four rods, thence south two rods, thence west twenty six rods, thence north one rod to place of beginning." Appellant also offered in evidence a deed dated in 1902, from the heirs of F. A. Chittenden to respondent, Francis O. Lee, conveying the premises above described in the two deeds from Frank E. Bailey to F. A. Chittenden. Appellant proved that the property conveyed by Bailey to Ebert was conveyed to him, by the same description, on May 25, 1903. Respondent entered into possession of the disputed tract at the time of his purchase from the Chittenden heirs in 1902, and was in possession at the time appellant acquired his title in 1903. Appellant relied upon a survey made by one Babcock, then county surveyor, assisted by appellant and his son. Respondent challenged the accuracy of this survey,

and introduced certain plats to prove that the true corner was where it had been located and maintained by Mr. Chittenden since he took possession under his deed in 1879.

From our understanding of the record, there was substantial ground for a dispute as to the true center of the southeast quarter of section 23. The evidence was for the consideration of the jury, and we are unable to agree with appellant that the evidence manifestly and palpably indicates that the disputed corner was at the point where the Babcock survey located it. We do not consider the evidence to be manifestly and palpably in favor of respondent, as stated by the trial court, but under the rule of Hicks v. Stone the court must be sustained in granting a new trial.

The conclusion we have reached makes it unnecessary to consider the question of adverse possession.

Affirmed.