### J. T. JOHNSON v. A. S. EVANSON.[1]

#### July 17, 1908.

#### Nos. 15,651—(86).

Action in the district court for Clay county by the administrator of the estate of T. O. Thompson, deceased, to compel defendant to account for sums of money left with him by the deceased for safe keeping. The case was tried before Baxter, J., who made findings and ordered judgment in favor of plaintiff for $1,286. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*F. H. Peterson*, for appellant.

*C. A. Nye* and *C. G. Dosland*, for respondent.

PER CURIAM.

Defendant, a merchant, for many years had charge and control of the money and notes of the deceased, one Thompson, plaintiff's intestate, and loaned it out at interest from time to time for short periods and collected the interest for plaintiff's intestate. The relation continued from 1890 until the death of Thompson in 1906. For most of the time defendant's services were rendered gratuitously, for part of the time they were remunerated. No regular accounts were kept of the transactions. According to defendant, the notes and collections were put in an envelope. When new loans were made, the money was taken from the envelope, and notes put back in its place. There is testimony to the effect that two pass-books were kept in which the accounts appeared, and that the older of these was turned over by defendant

1 Reported in 117 N. W. 1125.

to the deceased in 1903. It was not produced upon trial. The later book was produced and introduced in evidence. It shows that when a payment was made, the amount was entered on one page, and when any amount was paid out, that amount was entered on the opposite page. There was testimony that before Thompson died he looked over his notes and accounts at defendant's place of business but no balance was struck. July 26, 1906, after Thompson's death, defendant turned over to plaintiff, Thompson's administrator, all the notes and securities in his possession, $2,140 and $54.03 in cash, together with the later book of accounts kept by him. In proceedings to surcharge the defendant with items of cash received by him, belonging to deceased, and not accounted for, the trial court found that the defendant has turned over to plaintiff all the money paid to him and received (from deceased) except the sum of $1,286; and ordered judgment against the defendant for that sum. This appeal was taken from the denial of defendant's motion to set aside the findings and for a new trial.

It is apparent that the question presented was one of fact. The determination of that question turned essentially upon the credibility of defendant's own testimony. Of that, in the nature of things, the trial court, which saw and heard the witness, is the only possible judge. In its memorandum the trial court says: "The relations existing between the defendant and the decedent for about fifteen years before the death of the latter, and their conduct relative to the decedent's property during that time, were of such a confidential nature as to render it very difficult to show at the present time by any one but the defendant how the accounts between them stood at the time of decedent's death. The defendant in his testimony in this case, except in answer to questions put to him by his own counsel, was evasive; and he showed himself to be a very unwilling witness." The only question before us in this connection is whether the other evidence in the case justifies defendant's contention that the conclusion of the trial court should be set aside. We have examined that evidence with care. It is sufficient to raise grave doubt whether the defendant should be surcharged or not if the question were de novo. Under the rule in Hicks v. Stone, 13 Minn. 398 (434), however, we feel constrained to affirm the trial court.

Some objections were raised to the admission of testimony. On examination, no prejudicial error appears therein. It is obvious that the statute of limitations does not apply. This was an open and running account. The relations were confidential and defendant sustained the relation of a trustee to the deceased.

Affirmed.