# E. P. JOHNSON v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

### July 2, 1909.

### Nos. 16,024—(49).[2]

**Negligence—New Trial.**

Appellant was charged with negligence in causing the death of respondent's intestate, by failing to discover him while lying upon the tracks in appellant's railway yard, and in failing to properly control the train. *Held*, the evidence was not so manifestly and palpably in favor of the verdict for appellant as to require a reversal of an order of the trial court granting a new trial.

Action by the administrator of the estate of Iver E. Strand, deceased, in the district court for Lac qui Parle county to recover $5,000 for the wrongful death of his intestate. The case was tried before Powers, J., and a jury which rendered a verdict in favor of defendant. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*John I. Dille* and *H. L. Hayden,* for appellant.

*Albert E. Clarke* and *H. L. Sorknes,* for respondent.

---

[1]Reported in 122 N. W. 10.    [2]April, 1909, term calendar.

LEWIS, J.

Iver Strand, respondent's intestate, was a man about forty-five years of age, and acted as marshal of the village of Boyd. The complaint charges that it was a part of his duties, and his custom as marshal, to go through the depot grounds and around appellant's railroad yards; that on the night of December 3, 1905, between eleven and twelve o'clock, while so engaged in the performance of his duties as marshal, and while patrolling the depot grounds and premises, he was, for some unknown reasons, hurt or otherwise incapacitated, so that he fell and was lying across the main track a short distance east of the depot; that one of appellant's passenger trains approached the station from the east, running at an unusual rate of speed, not under the control of the employees; and that the train was recklessly and wantonly run over him. The jury returned a verdict for appellant, and the court granted a new trial, upon the ground of errors of law and that the verdict was not justified by the evidence.

There was evidence tending to show that Mr. Strand made it a part of his duties as village marshal to visit the railroad yards from time to time, and be present at the depot upon the arrival of trains. About twenty minutes before the arrival of the train in question, he was in a restaurant not far distant from the depot, and left with the remark that it was about train time. He then appeared to be in a normal condition. The engineer testified that upon approaching the depot, and when within about one hundred fifty feet of the body, he noticed something on the track, but thought that it was a pile of cinders, and did not make any special effort to reduce the speed of his train until about fifty feet from the object, when he discovered it to be a man, and that he then applied the emergency brakes, but it was too late, and the train passed over the body. There was evidence tending to show that the train might have been stopped within ninety or one hundred feet by the application of the emergency brakes, and that the train approached the station at a rate of fifteen miles an hour, and that it did not stop until it had almost passed the depot. There was evidence indicating that some cinders occupied the space between the rails at the point where the body was lying; but the pile was only about four inches high and did not reach

to the top of the rails. If this was true, then the cinders ought to have been easily distinguished from the body of a person at a point one hundred fifty feet distant, if the engineer had been on the lookout, as he claimed.

If Mr. Strand, as village marshal, in the performance of his duties, had the right to go over appellant's tracks, and to patrol the yards, and visit the depot upon the arrival of trains, he was not a trespasser; and it will not be assumed that he was, although he was lying on the track at a point a considerable distance from the crossing. He may have fallen while walking in a safe position along the side of the tracks, or at that instant may have been crossing the tracks, when, from some unknown cause, he became helpless and fell. The question of contributory negligence was a question of fact. Under all these circumstances the evidence was not so manifestly and palpably in favor of the verdict that the order of the trial court must be set aside. Hicks v. Stone, 13 Minn. 398 (434). It should not be assumed, however, from this conclusion, that this court is of the opinion that the facts justify a recovery by respondent.

Affirmed.