## HENDRICK DORFFI v. DULUTH, WINNIPEG & PACIFIC RAILROAD COMPANY.[1]

April 19, 1912.

Nos. 17,597—(52).

**New trial — discretion of court.**

> An order granting a motion for a new trial, based on several grounds, expressly stated, as amended, that the order was made on the ground that the verdict was not justified by the evidence. *Held*, that the order was a discretionary one, so far as it granted a new trial on the ground specially mentioned, and, further, that the trial judge did not abuse his discretion in making the order.

Plaintiff appealed to the district court for St. Louis county from an award of damages, made in condemnation proceedings instituted by defendant company, for taking part of plaintiff's farm. The appeal was tried before Ensign, J., and a jury which returned a verdict in favor of plaintiff for $4,999.99. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*John Jenswold, Jr.,* for appellant.

*Washburn, Bailey & Mitchell,* for respondent.

START, C. J.

The respondent instituted eminent domain proceedings to acquire a right of way for its line of railway over the farm of the appellant, consisting of 43.68 acres, situated seven and one-half miles from West Duluth. The amount of land actually taken was 1.63 acres. The appellant appealed from the award of damages made by the commissioners to the district court of the county of St. Louis. The result of a trial in the district court was a verdict assessing the appellant's damages in the sum of $4,999.99. Thereupon, upon motion

[1] Reported in 135 N. W. 529.

of the respondent herein, the trial court made its order granting a new trial. This order, omitting the recitals, was in these words: "Ordered, that said verdict be and the same is hereby set aside and a new trial granted." No reason was assigned for making the order.

The appellant appealed from the order; but, before a return to this court, the trial court, on motion of the respondent and notice to the appellant, amended its order, so that, in the recitals in the original, the order, so far as here material, was in these words: "This case came on to be further heard * * * upon the motion of the defendant to set aside the verdict and grant a new trial herein upon the grounds that the damages assessed by the jury were excessive, that the verdict is not justified by the evidence, and for errors of law occurring at the trial and duly excepted to; * * * and the court being fully advised in the premises, it is ordered that said verdict be and the same is hereby set aside and a new trial granted." It is expressly stated that "this order is made on the ground that the verdict is not justified by the evidence, as well as upon the other grounds above set forth." The court also ordered that the amendment take effect as of the date of the original order.

It may be inferred from the return to this court that one of the grounds upon which a new trial was granted was that the verdict was not justified by the evidence, and that the amendment was intended to correct the omission in the order as originally made. The right of the court to amend its order so as to make it conform to the facts is unquestioned; but it is the contention of the appellant that the amendment as made did not change the effect of the original order, and that it cannot be sustained unless the record shows reversible errors of law, or, in other words, that the order as amended is not a discretionary one. The case of Hull v. Minneapolis, St. P. & Sault Ste. Marie Ry. Co. 116 Minn. 349, 133 N. W. 852, is relied upon in support of the claim.

The case is not here in point, for the reason that, although the language of the order granting a new trial in that case was somewhat involved, yet, as construed by the court, the order was not made on the ground that the verdict was not in fact justified by the evidence,

but that as a matter of law circumstantial evidence tending to establish an essential fact in the case was not alone sufficient, but that direct evidence of the fact was necessary.

We are of the opinion that the order appealed from, as amended, clearly takes the case out of the proviso to subsection 7 of section 4198, R. L. 1905, and that in so far as it grants a new trial on the ground that the verdict was not justified by the evidence it is a discretionary order, within the rule of Hicks v. Stone, 13 Minn. 398 (434), and Nelson v. Mississippi & R. R. Boom Co. 99 Minn. 484, 109 N. W. 1118.

The appellant further contends that, if the order be regarded as a discretionary one, yet the verdict is so obviously and palpably supported by the great preponderance of the evidence that the trial court abused its discretion in granting a new trial. We have carefully considered the evidence, and reached the conclusion that the claim of the appellant is not justified by the record, and hold that the trial court did not abuse its discretion in the premises.

Order affirmed.