## SARAH C. MELIN v. H. A. STUART and Others.[1]

June 6, 1913.

Nos. 18,020—(157).

**New trial — verdict not supported by evidence.**

Where a new trial is granted upon the ground that the verdict is not supported by the evidence, this court cannot interfere, unless the weight of the evidence is manifestly and palpably in favor of the verdict. [Reporter.]

The issues raised by intervener's complaint in intervention and the answer thereto in an action in the municipal court of Minneapolis were tried before C. L. Smith, J., and a jury which answered in the negative the question whether the assignment to the intervener was made in good faith. Plaintiff appealed from an order setting aside the verdict and granting intervener's motion for a new trial. Affirmed.

*E. Luther Melin*, for appellant.

*A. M. Higgins*, for respondent.

PER CURIAM.

The defendant is an employee of the city of Minneapolis. The plaintiff, having secured a judgment against him, garnished the city. The city disclosed that $133.20 of the salary due the defendant had been assigned by him to A. M. Higgins.

Pursuant to an order made on the application of the plaintiff, Mr. Higgins appeared and filed a complaint in intervention setting forth his claim to the $133.20. At the subsequent trial between the plaintiff and the intervener a single question was submitted to the jury in the following form: "Was the assignment to Mr. Higgins made in good faith to apply on an indebtedness due to him?" To this question the jury answered, "No." Thereafter, on motion of the intervener, the court granted a new trial on the ground that the verdict was not supported by the evidence, and the plaintiff appeals.

[1] Reported in 141 N. W. 812.

Where a new trial is granted upon the ground that the verdict is not supported by the evidence this court cannot interfere, unless the weight of the evidence is manifestly and palpably in favor of the verdict. Hicks v. Stone, 13 Minn. 398 (434); Lamers v. Butler-Ryan Co. 88 Minn. 109, 92 N. W. 523; Dorffi v. Duluth, W. & P. R. Co. 117 Minn. 276, 135 N. W. 529; Hansen v. Lee, 104 Minn. 232, 116 N. W. 482; Kramer v. Perkins, 102 Minn. 455, 113 N. W. 1062, 15 L.R.A.(N.S.) 1141; Burgraf v. Byrnes, 102 Minn. 511, 113 N. W. 1133; Theodore Hamm Brewing Co. v. Kneise, 101 Minn. 531, 111 N. W. 577; Cornell v. Hendrickson, 100 Minn. 544, 110 N. W. 1132; Nelson v. Mississippi & Rum River Boom Co. 99 Minn. 484, 109 N. W. 1118.

In the present case the granting of a new trial was properly within the discretion of the trial court.

Order affirmed.