ANTONE ZEULI v. FOOT, SCHULZE & COMPANY.[1]

June 25, 1915.

Nos. 19,258— (177).

**Order denying new trial — rule of Hicks v. Stone applied.**

In an action for personal injuries, caused by the alleged negligence of defendant, it is *held* that the verdict for defendant is not so clearly or manifestly against the evidence as to justify this court, within the rule of Hicks v. Stone, in reversing the order of the trial court in denying a new trial.

Action in the district court for Ramsey county by the father and natural guardian of the minor plaintiff to recover $2,500 for personal injury received by the minor while in the employ of defendant, and $25 for expenses. The case was tried before Brill, J., who at the close of plaintiff's testimony denied defendant's motion to dismiss the action and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

· *J. W. White* and *J. E. Gregory,* for appellant.

*Bracelen & Cronin,* for respondent.

BROWN, C. J.

Action for personal injuries in which defendant had a verdict, and plaintiff appealed from an order denying a new trial.

Defendant is a corporation and among other things is engaged in the manufacture of boots and shoes at the city of St. Paul. Plaintiff, a young man 17 years of age, was in its employ, and at the time of the injury complained of was operating a machine used by

[1] Reported in 153 N. W. 310.

defendant for stamping and cutting into shape for use shoe patterns or parts thereof. The machine is operated by hand. It consists of a hammer in which dies are set, and when strips of leather are laid underneath the same, by pulling a lever the hammer is caused to fall, and the knives in the die cut out the desired pattern. The claim of plaintiff on the trial was that the lever by which the hammer was operated was defective and out of repair, by reason of which the hammer fell while plaintiff was adjusting a piece of leather thereunder, injuring the third finger of his right hand to such an extent as to require the amputation thereof at the first joint. It was also alleged in the complaint and urged on the trial, that plaintiff was inexperienced in this class of work, and that defendant negligently failed to warn and instruct him in reference to the dangers incident thereto. Both issues were submitted to the jury, and the verdict was adverse to plaintiff on each.

The sole ground on which plaintiff prosecutes this appeal is that the trial court erred in not granting a new trial because, as he claims, the verdict is clearly against the evidence.

We have examined the record with care and reach the conclusion that the order must be affirmed. The evidence offered for the purpose of showing that the machine was defective or out of repair, if not wholly insufficient to establish the fact, at least presented a question for the jury, and we discover no reason for interfering with their conclusion. The other issue was also one of fact, and the evidence in support of plaintiff's contention is not so manifestly against the verdict as to justify a reversal of the order of the court below. The case as to both issues comes clearly within the rule of Hicks v. Stone, 13 Minn. 398 (434).

Order affirmed.