Allen, &c., v. Wortham.

CASE 72—PETITION ORDINARY—JANUARY 28.

# Allen, &c., v. Wortham.

APPEAL FROM GRAYSON CIRCUIT COURT.

1. LIBEL.—Any defamatory words, calculated to degrade or injure the reputation of a person in society, when written and published maliciously, are libelous, and, therefore, actionable.

It was libelous to publish of one that she had uttered foul lies, and had a vile, slanderous tongue.

2. SAME—PRIVILEGED COMMUNICATION.—The mere fact that such a writing was based upon information received by the defendant to the effect that the plaintiff had charged him with being a thief, and the writing so showed upon its face, did not make it a privileged communication, as the information may not have been correct. But even if plaintiff had charged defendant with being a thief, thus making the writing a privileged communication, that must be pleaded and shown as a matter of defense; and, if shown, it will merely rebut the presumption of malice, and throw upon plaintiff the burden of proving that there was malice in fact.

3. SAME—PUBLICATION.—As the libel complained of was contained in a letter addressed to the husband of the person libeled, and by reason of the illiteracy of both husband and wife, the plaintiffs, the letter had to be read by another or others, there was a sufficient publication to support the action, the exposure of the subject-matter of the letter to others besides the plaintiffs being the proximate and, under existing conditions, inevitable consequence of writing and sending the letter.

W. R. HAYNES FOR APPELLANT.

The petition states a cause of action. The words charged are libelous, and there was a sufficient publication. (Robbins v. Treadway, 2 J. J. M., 541; Cole v. Wilson, 18 B. M., 217; McClure v. Wilson, Litt. Select Cases, 188; Hart v. Reed, 1 B. M., 168; McIntosh v. Matherly, 9 B. M., 120.)

J. S. WORTHAM FOR APPELLEE.

1. The language charged in the petition is not libelous. (Robbins v. Treadway, 2 J. J. M., 541; 3 Starkie on Slander, 100.)

The letter shows upon its face that it was confidential, and not malicious. It was written in the discharge of a legal and moral duty.

2. There was no publication. (McIntosh v. Matherly, 9 B. M., 119; 2 Starkie on Evidence, 844; 1 Caine's Rep., 582.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellants, husband and wife, brought this action to recover of appellee for libel, alleging in the petition that he maliciously wrote and published, by sending through the United States mail to the address of appellant, Arthur Allen, a letter, filed with the petition, which, among other things, contained the following: "I have never said or done any thing to you or your wife, or any one else, to call forth the foul lies your wife has uttered about me.   *   *   I would care nothing for your wife's vile, slanderous tongue if her words could reach no farther than where I am known, or where she is fully known; then it would be no slander; but the slanderous tongue is confined to no place;" which letter, it is stated, was received by appellants, and, because of their illiteracy, had to be and was read by, and thus became known to, others.

As any defamatory words, calculated to degrade and injure the reputation of a person in society, when maliciously written and published, are libelous, it seems to us a cause of action is stated in the petition of appellants; for, to be accused of having uttered, in reference to a particular matter or person, foul lies, and of possessing a vile, slanderous tongue, is unquestionably calculated to degrade and injure the reputation of a person in public estimation. And there was also, in legal contemplation, sufficient publication to support the action; for although the letter was sent through the mail to the private address of Arthur Allen, and was read by another or others without the immediate procurement or agency of ap-

pellee, still such exposure of the subject-matter of it/ was the proximate, and, under the existing condition, inevitable consequence of his act of writing and sending, and he should, therefore, be held to have published it. But in the letter, only excerpts of which are set out in the body of the petition, it is stated appellee had been informed by a person, whose name is mentioned, that appellant, Nancy Allen, charged him, appellee, with being a thief, and in was in response thereto the language quoted in the petition was used.

It is well-settled, and in accordance with natural justice, that a person has a conditional privilege to publish, by speech or writing, whatever he honestly believes to be and is essential to the protection of his own reputation, and, therefore, may, without subjecting himself to an action for libel, publish a communication containing a refutation or denial of any charge affecting it; for such communication, when made *bona fide* and without malice, is privileged, although it contains crimatory matter, which, without the privilege, would be slanderous and actionable; and, consequently, if the occasion on which a communication is made furnishes *prima facie* such legal excuse for making it, the presumption of malice does not arise, and the burden is upon the plaintiff to prove there was malice in fact; that the defendant was actuated by motives of personal spite or ill-will, independent of the occasion on which the communication was made. (Townshend on Slander, 319-20.) But whether appellant, Nancy Allen, did make the charge appellee was a thief depends upon information

he stated in the letter was given to him by another person, which may or may not be, and, consequently, can not be assumed as, true. Therefore, even if the whole letter be taken and considered as part of the petition, a legal excuse would not be thereby manifested; for it would be an unreasonable application of the rule of privileged communications to decide a person can, upon the pretext of defending or protecting his own reputation, that may not have been assailed at all, write and publish defamatory matter of another.

It thus results appellant must plead and show, as matter of defense, if it be a fact, that the cause or occasion of the communication was such as to make it privileged, and until done the letter is to be regarded as having been written and published without legal excuse, and the presumption of malice will continue.

Wherefore, the judgment is reversed, and cause remanded with directions to overrule the demurrer to the petition, and for further proceedings consistent with this opinion.