SYLVIS *v.* MILLER.

(*Nashville.*    January 28, 1896.)

LIBEL.  *Publication.*

The publication of a libel is not sufficient to sustain a civil ac-
tion thereon, where it is sent through the mails by sealed let-
ter, properly addressed to the plaintiff, and not seen by any
third person until plaintiff opened and exhibited the letter to
others.   Such publication would suffice under the statute in a
criminal prosecution for libel.

Code construed: § 5552 (M. & V.); § 4762 (T. & S.).

Cases cited and approved: Fry *v.* McCord Bros., 95 Tenn., 679;
Hodges *v.* State, 5 Hum., 112; 43 Fed. Rep., 428.

FROM DICKSON.

Appeal in error from Circuit Court of Dickson
County.   W. L. GRIGSBY, J.

JACOB LEECH for Sylvis.

HARDIN LEECH for Miller.

McALISTER, J.   The plaintiff commenced this
action in the Circuit Court of Dickson County to
hold the defendant liable in damages for an alleged
libel.   The defamatory matter complained of was
contained in a letter transmitted to the plaintiff

through the postoffice. The letter was opened by the plaintiff, who immediately exhibited its contents to several of his relatives and friends. This was the only evidence of publication. The Circuit Judge instructed the jury that the publication of a libel by the aggrieved party would not support the action. This instruction is assigned as error. Publication is the communication of the defamatory matter to some third person or persons, and this constitutes the essential element of a libel. Says Mr. Townsend, viz.: "To constitute an actionable publication, that is, such a publication as may confer a remedy by civil action, it is essential that there be a publication to a third person, that is, to some person other than the author or publisher, and he whom or whose affairs the language concerns." Townsend on Slander and Libel, Sec. 93.

It has been held that sending a letter through the post to the plaintiff, properly addressed to him and fastened in the usual way, is no publication, and the defendant is not answerable · for anything the plaintiff may choose to do with the letter after it has once safely reached his hands. *Barrow* v. *Lewellin*, Hob., 62.

If a person receives a letter containing libelous matter, he will not be justified in publishing it. Am. & Eng. Enc. L., 372.

In *Fonville* v. *Nease*, Dudley (S. C.), 303, it appeared that the plaintiff, after receiving a libelous letter from the defendant, sent for one of his friends,

and also for the defendant. He then repeated the contents of the letter in their presence, and asked the defendant if he wrote that letter. The defendant, in the presence of the plaintiff's friend, admitted that he had written it. It was held this was no publication by the defendant to the plaintiff's friend. See, also, *State* v. *Syphrett* (S. C.), 2 S. E. Rep., 624; Newell on Libel, 227, 236. The current of authority on this subject is uniform and unbroken.

It is insisted, however, by counsel for appellant, that the receipt of the libelous matter by the plaintiff himself was a sufficient publication under § 5552 (M. & V. Code), which provides, viz.: "No printing, writing, or other thing is a libel without publication, but the delivering, selling, reading, or otherwise communicating a libel, or causing the same to be delivered, sold, read, or otherwise communicated to one or more persons, or to the party libeled, is a publication thereof." It will be observed that this section of the Code is under the head of "Offenses against the Public Peace," and relates exclusively to criminal prosecutions. It was ruled by this Court, in the case of *Hodges* v. *The State*, 5 Hum., 112, that the reception of a libelous letter, which has not been read by a third person, is not a publication of a libel, but if such letter was sent to provoke a breach of the peace, the offense is indictable. So it was held in the United States Circuit Court for the Western District of Tennessee that this statute is to be confined to criminal cases,

Sylvis *v.* Miller.

and that sending a letter, containing libelous matter, to the party defamed, which is unopened before it is delivered, will not support a civil action. *Warnock* v. *Mitchell*, 43 Fed. Rep., 428. And so we have held at the present term in the case of *Fry* v. *McCord Bros.*, 95 Tenn., 679, a case from Giles County.

Affirmed.