BOARD OF COUNTY COMMISSIONERS OF FILLMORE COUNTY
v. JULIA F. GREENLEAF and Others.[1]

June 15, 1900.

Nos. 12,170—(221).

**Bond—Material Alteration—Release of Sureties.**

A bond of a depositary of county funds, after its execution by the sureties, was by the principal, with the consent of the obligee, altered, without the consent of the sureties, whereby the interest which the principal was to pay on the monthly balances of the deposits was reduced from three per cent. per annum to two per cent. *Held,* that the alteration was material, and that the sureties were discharged thereby.

Action in the district court for Fillmore county against Julia F. Greenleaf and Maurice R. Todd, as principals, and M. T. Grattan and others, as sureties on a bond. The issues arising on the answer of defendant sureties were tried before Kingsley, J., and a jury, which was directed to render a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John W. Hopp,* for appellant.
*Burdett Thayer* and *Duxbury & Duxbury,* for respondents.

START, C. J.

The defendants Julia F. Greenleaf and Maurice R. Todd were partners in the banking business at Preston, this state, under the name of the Fillmore County Bank, and were selected and designated as a depositary of the public funds of Fillmore county pur-

[1] Reported in 83 N. W. 157.

suant to the statute. They qualified as such depositary by executing as principals a bond to the county in the penal sum of $10,000, with the respondents herein as sureties. Default was made in the condition of the bond, in that the principals failed to pay over to the county treasurer, on due demand, the sum of $2,824.80 of the public funds deposited with them pursuant to such designation and bond. This action was brought upon the bond to recover the amount of such deficiency. The sureties answered, alleging that after the execution of the bond by them it was, without their knowledge or consent, materially altered.

On the trial it was conclusively established that when the sureties executed and delivered the bond its condition was (stating it according to its legal effect) that the principals would pay interest on all public money deposited with them at the rate of three per cent. per annum upon the monthly balances of such deposits; and, further, that they would credit such interest, and hold the public funds, with accrued interest, subject to draft and payment at all times. But after the delivery of the bond by the sureties, and without their knowledge or consent, Todd, one of the principals, with the consent of the county commissioners, changed the condition of the bond so as to make the rate of interest two per cent. per annum instead of three. The trial court dismissed the action, and the plaintiff appealed from an order denying its motion for a new trial.

1. The plaintiff claims that the ruling of the trial court was error, because the stipulation and condition in the bond for the payment of interest was surplusage; hence the alteration of the bond was in an immaterial part thereof, and did not affect the validity of the bond.

The basis of this claim is the assumption that the statute does not require or contemplate that the interest should be secured by the bond. It is true that the statute does not in express terms require that the bond shall secure the payment of the interest, but it is equally true that it does not in express terms require that the condition of the bond shall secure the payment of the principal of the fund to be deposited. The statute does not, in terms, prescribe the conditions of the bond. But it requires a bond to be given and

approved by the county commissioners before any money is deposited with the depositary. This authorizes the commissioners to require a bond with such conditions as will effect the purposes of the statute in providing for depositaries for public funds. Manifestly such purposes are to secure the safety of the funds, and to secure to the public the interest on the deposits. Hence the depositary in its bid or proposal for the deposits is required to state the security which will be given and the rate of interest that will be paid for the deposits. There is the same reason for securing by the bond the payment of the accrued interest as there is for securing the principal of the deposit. The interest, when credited, becomes a part of the principal of the deposit. The statute, by necessary implication, authorizes the county commissioners to require a bond from the depositary conditioned for the payment of both the deposit and the accrued interest thereon. It is not only highly proper that they should do so, but also highly important. G. S. 1894, §§ 729, 730, 735; Board of Co. Commrs. v. Butler, 25 Minn. 363. It follows that the condition in the bond in this case as to the payment of interest was not surplusage, but that it was a valid and material provision of the bond.

2. The plaintiff further claims that the alteration in the terms of the bond was not material because it reduced the rate of interest; hence it was not prejudicial to the sureties.

It is unnecessary to inquire or speculate whether the alteration was prejudicial to the sureties or not, for the bond, after it was materially altered without their consent, was no longer their bond. Its identity was destroyed by the alteration. It is clear, upon principle and authority, that if a material alteration is made in a contract without the surety's consent he is discharged, even if the alteration may have been for his benefit. His contract being one strictissimi juris, he is only bound by the very terms of the contract. Simonson v. Grant, 36 Minn. 439, 31 N. W. 861; Flanigan v. Phelps, 42 Minn. 186, 43 N. W. 1113; Board of Co. Commrs. v. Gray, 61 Minn. 242, 247, 63 N. W. 635; Miller v. Stewart, 9 Wheat. 680; 2 Brandt, Sur. § 388. In the cases of Post v. Losey, 111 Ind. 74, 12 N. E. 121, and Whitmer v. Frye, 10 Mo. 348, it was held that an alteration made in a promissory note, without the consent of the

maker of the note, whereby the rate of interest was reduced, was material, and avoided the note. With greater reason it must be held that such an alteration in the contract of a surety discharges him. It follows that the alteration in the bond here in question was a material one, and that the sureties were discharged thereby.

Order affirmed.