THOMAS M. RUMNEY *vs.* DANIEL E. WORTHLEY.

Middlesex. November 10, 1903. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Libel,* Publication.

Although sending a libellous letter by mail to the person libelled with no reason to suppose that it will be opened and read by anybody else before he has received it is not a publication which will support a civil action for libel, yet if the sender of the letter has good reason to believe that it is likely to be opened by an authorized person other than the person libelled, and this happens, the mailing is a publication.

In an action for libel, it appeared, that the defendant wrote a libellous letter addressed on a business envelope to the plaintiff at the plaintiff's dwelling house and that the letter was opened and read by the plaintiff's daughter in a grocery adjoining the dwelling house kept by the plaintiff's wife who had filed a certificate that she was doing business as a married woman, that the plaintiff conducted the business as her agent and that his daughter was a clerk in the grocery and opened and read the plaintiff's business letters, that the defendant had come to the grocery a great many times for the purpose of selling goods and that during the year before the receipt of the letter he had seen the daughter at least two or three times receive mail addressed to her father and open it in his presence, and that he had seen her after opening the letters walk with them to her father and show him their contents. *Held,* that there was evidence of publication of the libel.

TORT for alleged libel contained in two letters mailed by the defendant in January, 1901, and addressed to the plaintiff. Writ dated May 18, 1901.

At the trial in the Superior Court before *Gaskill,* J., it was admitted that the defendant wrote and mailed the letters and that they were libellous. It appeared that the letters were opened and read by the plaintiff's daughter. The evidence in regard to publication is described in the opinion.

At the close of the evidence, the judge ordered a verdict for the defendant on the ground that there was no publication of the letters by the defendant, and reported the case for determination by this court. If the ruling of the judge was correct, judgment was to be entered on the verdict; if not correct, the verdict was to be set aside and a new trial granted.

*J. H. Morrison,* for the plaintiff.

*J. J. Kerwin,* for the defendant.

KNOWLTON, C. J.  The only question reserved in this report is whether there was any evidence of publication of the libels, or either of them, contained in the two letters addressed by the defendant to the plaintiff.  These letters were sent by mail in the ordinary way, addressed to the plaintiff at No. 12 Burtt Street, Lowell, which was his place of residence.  His wife conducted a grocery store which was attached to the dwelling house, at No. 14 Burtt Street, she having filed a certificate, under the provisions of the Pub. Sts. c. 147, § 11, that she was doing business as a married woman.  The plaintiff acted as her agent in conducting the business, and his daughter, twenty-three years of age, was a clerk in the store.

Sending a libellous letter through the mail to the person libelled, with no reason to suppose that it will be opened and read by any one else before he has received and read it, is not a publication which will support a civil action for libel.  *Clutterbuck* v. *Chaffers*, 1 Stark. 471.  *Delacroix* v. *Thevenot*, 2 Stark. 63.  *Robinson* v. *Jones*, 4 L. R. (Ir.) 391.  *Fonville* v. *M'Nease*, Dudley, (S. C.) 303.  *Fry* v. *McCord*, 95 Tenn. 678.  *Sylvis* v. *Miller*, 96 Tenn. 94.  *Spaits* v. *Poundstone*, 87 Ind. 522.  *McIntosh* v. *Matherly*, 9 B. Mon. 119.  *Warnock* v. *Mitchell*, 43 Fed. Rep. 428.  In criminal prosecutions for libel, the rule is generally held differently.  The question in this case is whether there was any evidence which would have warranted the jury in finding that the defendant believed, or had good reason to believe, that the letters might be opened and read by the plaintiff's daughter in his absence, and that she was authorized to open her father's letters.  The question of difficulty is whether there was evidence that the defendant was aware that she was accustomed or authorized to read such letters, addressed to her father.  On this point the testimony is very unsatisfactory.  She testified that she had known the defendant for five years; that he came to the store a great many times for the purpose of selling goods; that during the year immediately prior to the receipt of these letters he had seen her at least two or three times receive mail addressed to her father and open it in his presence; that she knew this had happened several times, and that she could not state the exact number of times; that he had seen her, after opening the letters, walk with them to her father and show him the contents of them.

Without repeating her testimony on this point, which was of considerable length, we are of opinion that the jury fairly might have inferred from it that, as clerk in the store which was owned by her mother and conducted by her father, she was accustomed to open letters addressed to him, at least if they looked like letters pertaining to the business, and that the defendant knew it. Printed on the face of the libellous letters were these words : "In five days return to D. E. Worthley, 27 Canada Street, Lowell, Mass." This was the defendant's business address. We infer that the letters appeared externally like the ordinary business letters of the defendant. We do not attach much importance to the fact that they were addressed to No. 12 Burtt Street instead of No. 14 Burtt Street, for the dwelling house and store were connected. If the case stood upon the testimony in direct examination, we should think the jury well might infer knowledge on the part of the defendant that the plaintiff's daughter was accustomed to open letters which looked like these, and, with considerable hesitation, we are inclined to think that the cross-examination, taken in connection with the direct examination, would warrant the jury in coming to the same conclusion. If he sent the letters, having good reason to believe that they were likely to be opened by an authorized person other than the plaintiff, his sending them by mail was a publication.

*Verdict set aside.*