## WALTER KRAMER v. ALICE VIOLA PERKINS.[1]

December 6, 1907.

Nos. 15,404—(98).

**Libel—Publication.**

Defendant wrote a libelous letter of and concerning plaintiff, and mailed it, properly addressed, to his (plaintiff's) wife. Plaintiff received the letter from the postal authorities, opened and read a few lines on the back thereof written to himself personally, and then handed it to his wife. Plaintiff and his wife then read the letter together, or practically at the same time. *Held* a publication by defendant.

**Reversal on Appeal.**

A probability that plaintiff can in any view of the evidence in an action of this kind recover no more than nominal damages will not justify a reversal of an order of the trial court setting aside a verdict for defendant and granting plaintiff's motion for a new trial on the ground that the verdict for defendant was not sustained by the evidence.

**New Trial for Insufficiency of Evidence.**

The rule of Hicks v. Stone, 13 Minn. 398 (434), applied.

**Query.**

Whether R. L. 1905, § 4918, on the subject of the publication of a libel, applies to civil actions, quære.

Action in the district court for Wabasha county to recover $5,000 for libel. The case was tried before Snow, J., and a jury which rendered a verdict for defendant. From an order granting plaintiff's

1 Reported in 113 N. W. 1062.

motion to vacate the verdict and for a new trial, defendant appealed. Affirmed.

*John W. Murdoch,* for appellant.

*Henry W. Morgan,* for respondent.

BROWN, J.

Action for libel, in which defendant had a verdict. Plaintiff moved for a new trial, which was granted, chiefly on the ground that the verdict was not justified by the evidence, and defendant appealed.

Of the several questions discussed by defendant, two only require special mention: (1) Whether the libelous article was published by defendant, within the meaning of the law of libel; and (2) whether this court should hold as a matter of law that plaintiff is entitled to nominal damages only, and, on the maxim "de minimis non curat lex," reverse the order granting a new trial, thus reinstating the verdict of the jury and ending the litigation.

The contention that the order appealed from does not come within the rule of Hicks v. Stone, 13 Minn. 398 (434), is not well taken and does not require extended mention. We have always applied that rule to an order granting a new trial for insufficiency of the evidence, the basis of the order appealed from in this case. Of course, the rule does not apply to an order refusing a new trial; but when the trial court, in the exercise of its discretion, grants a new trial for the reason that the evidence is insufficient to sustain the verdict, we disturb such an order only when the evidence is clearly and palpably against the view taken by the trial court. Such is not this case. So we turn our attention to the two questions suggested as the only ones requiring special mention.

1. Did the defendant publish the libel? The article complained of was in the form of a letter written by defendant to plaintiff's wife. It was written and mailed by her at La Crosse, Wisconsin, her place of residence, and addressed to plaintiff's wife at her place of residence near Lake City, this state. On the back of the letter a few lines were written to plaintiff personally. Plaintiff received the letter from the rural delivery carrier, and in accordance with the custom of his household, which permitted any member of the family to open letters of each other, he opened it, read the portion which was ad-

dressed to him personally, then handed the entire letter to his wife, and they both read it practically at the same time. The claim made is that there was, under the circumstances, no publication of the letter by defendant; that plaintiff, having received it from the office, and opened and discovered the purport of its contents, himself published it when he handed it to his wife to read.

The question as to what constitutes a publication of a libel is often difficult to determine. It is the settled law that a wife may be libeled by a letter written to her husband, and that the husband may be libeled by a letter written to the wife. In other words, the relationship between them is no protection to those who libel either by writing communicated to the other. The principles of the law of libel apply to them precisely as to strangers. Wilcox v. Moon, 64 Vt. 450, 24 Atl. 244, 15 L. R. A. 760, 33 Am. St. 936. The letter in question was intended by defendant to reach plaintiff's wife, who was defendant's sister, and the mere fact that plaintiff received it from the postal authorities and opened it, and thereafter handed it to his wife, does not, it would seem from the authorities, relieve defendant from responsibility.

The case of Schmuck v. Hill (Neb.) 96 N. W. 158, is somewhat similar to the case at bar. There the defendant wrote a libelous letter of and concerning the plaintiff, and mailed it, addressed both to plaintiff and her employer. The letter was received by plaintiff, and, noticing that it was also addressed to her employer, she handed it to her; and the employer opened and read it. (It was urged in that case that the plaintiff, having delivered the libelous article to her employer, was the author of her own harm, and could not complain) The court overruled the claim, and held that there was a publication by defendant. The article was libelous. It was intended by defendant that it should reach the employer of plaintiff. It was addressed to her, and defendant was in no position to insist that he be relieved of the consequences of his intentional act by the fact that the plaintiff, not knowing the contents thereof, handed the letter to her employer, to whom it was addressed.

If it had appeared in the case at bar that plaintiff, before handing the letter to his wife, had read the same and was aware of its contents, a different question would be presented. It might in such case

be plausibly argued that by handing the letter to his wife, knowing its contents, he himself published it, and the writer of the letter would be relieved. But such is not the fact, for it appears that plaintiff did not read the portion of the letter written to his wife until after he had handed it to her. He cannot, therefore, be said knowingly to have put into circulation a libel upon himself.

In Seip v. Deshler, 170 Pa. St. 334, 32 Atl. 1032, a libelous letter was written by defendant and mailed to the plaintiff. It was received, opened, and read by plaintiff's clerk, who was in the habit of opening his mail. It was held a sufficient publication to charge defendant with liability in a civil action. In Rumney v. Worthley, 186 Mass. 144, 71 N. E. 316, the defendant wrote and mailed a libelous letter to plaintiff, which was opened and read by his daughter. It was held that, inasmuch as the defendant had reason to believe that other members of the household might open and read the letter, there was a publication thereof by him. In Allen v. Wortham, 89 Ky. 485, 13 S. W. 73, the libelous letter was written and mailed to plaintiff, who was an illiterate person unable to read. He procured a third person to read it to him, and it was held a publication by the defendant. In Miller v. Butler, 60 Mass. 71, 52 Am. Dec. 768, it was held that where two persons collaborate in the composition of a libelous letter, written by one of them, and afterwards by him put into the post office and mailed to the person libeled, there was a publication by both parties. See, also, 25 Cyc. 367; Young v. Clegg, 93 Ind. 371; Schenck v. Schenck, 20 N. J. L. 208; Peterson v. Western Union Tel. Co., 65 Minn. 18, 67 N. W. 646, 33 L. R. A. 302. Other instances where the mailing of a letter addressed to the plaintiff or some third person has been held a publication are cited in 6 Current Law, 417.

Our statute provides (section 4918, R. L. 1905) that the writing and mailing of a libelous article is a sufficient publication, without further evidence of the fact that the letter was received by the person to whom it was addressed. But it is doubtful whether that statute has any application to civil actions. It is a rule applicable more particularly to criminal prosecutions. Yousling v. Dare, 122 Iowa, 539, 98 N. W. 371.

It is apparent from the authorities cited that the courts have made no particular effort to relieve persons circulating libels from the con-

sequences of their wrongdoing. They have been held strictly to account, and doubts whether a technical publication has been shown have been resolved against them. In harmony with the prevailing opinion upon the subject, we hold, on the facts of this case, that a publication of the letter in question by defendant was sufficiently shown.

2. It is also claimed that plaintiff in any event is entitled to recover no more than nominal damages, and that the court should reverse the order granting a new trial and permit the verdict to stand. We are unable to concur in this view. The libelous article of which plaintiff complains was a very scurrilous document, and unless the evidence in justification and mitigating circumstances shown by defendant are true, or sufficient in the opinion of the jury to defeat recovery, plaintiff would be entitled to something more than mere nominal damages. The trial court evidently was of the opinion that a recovery of nominal damages would not be adequate, and by ordering a new trial we must assume that such was its conclusion.

We have often declined to reverse a trial court merely for the purpose of permitting the recovery of nominal damages. Palmer v. Degan, 58 Minn. 505, 60 N. W. 342; Singer Mnfg. Co. v. Potts, 59 Minn. 240, 61 N. W. 23. But where the trial court has granted a new trial, even though it be probable that nominal damages only can be recovered, we have not reversed, on the maxim "de minimis," and to do so in this case would be to establish a rule which might be difficult of uniform application in the future. Reliance must be had in such cases in the discretion of the trial court, and controlling effect given to its conclusion; and although we are impressed with the righteousness of the verdict in this particular case, and with the fact that in all probability no more than nominal damages will ever be recovered by plaintiff, still we are not prepared to say that the learned trial court was not right, or that it abused its discretion in granting a new trial.

It is unnecessary to consider the other questions argued in the briefs. What has been said disposes of all the material assignments of error, and the order appealed from is affirmed.