# Roberts *v.* English Manufacturing Co.

## *Libel and Slander.*

### (Decided May 21, 1908. 46 South. 752.)

1. *Bills of Exception; Signature.*—The fact that the attorneys signed the bill of exception does not render it invalid, where the judge signed the same under their name, writing his approval thereof, as is required by section 615, Code 1896.

2. *Libel and Slander; Publication; Necessity.*—It is necessary to show that the libelous matter was published by being communicated to some third person in an action for libel; and the sending through the mail of a libelous letter to the person libelled, is not such a publicatian as will sustain, unless there is evidence to show that the person who sent the letter knew that some other person was in the habit of opening the letters, or that in the ordinary course of business, the contents of the letter would come to the knowledge of some third person.

3. *Same.*—Where there was no evidence showing whether the letter was written by the plaintiff, or whether dictated, there was no proof of publication by dictation to a third prson.

4. *Appeal and Error; Exclusion of Evidence; Harmless Error.*—In the testimony offered and excluded, together with the testimony admitted, would not have established a cause of action, the question of the exclusion of the testimony. is harmless error.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by William R. Roberts against the English Mfg. Co., for libel. From a judgment for defendant plaintiff appeals. Affirmed.

McALPINE & ROBINSON, for appellant. The letter should have been admitted, and its contents shown.— 2 Greenleaf on Evid. (16th Ed.) 416; *White v. Tolliver*, 110 Ala. 306. A partnership is liable in damages for libel by one member of the partnership when such member is acting in the usual course of the partnership business. 18 A. & E. Ency of Law, 1059; 22 Ib. 166-172; 28 Ib. 256. The libel was sufficiently published. 18 A.

[Roberts v. English Manufacturing Co.]

& E. Ency. of Law, 1016 and notes and 1017; *Seip v. Deshler*, 107 Pa. St. 334; C. C. A. 19; 52 L. R. A. 87. The court should have allowed McCrary's testimony.— Authorities supra.

GREGORY L. & H. T. SMITH, for appellee. No publication was shown sufficient to sustain the action in libel.—*Weit v. Hoss*, 6 Ala. 881; 24 Atl. 244; 44 Am. Rep. 773; 9 B. Mon. 119 43 Fed. 428; S. W. 921. Counsel discuss the other assignments of error but without citation of authority.

SIMPSON, J.—While it is not customary for the attorneys to sign the bill of exceptions, the essential, according to the statute, being that it shall be signed by the judge (Civ. Code 1896, § 615), yet the fact that the attorneys signed it when presented, and that the judge wrote under their names his approval and signed the same, does not vitiate it as the bill of exceptions in the case.

This action was brought by the appellant against the appellee for the publication of a libel charging him with obtaining goods under false pretenses. Said libel was in a letter which, it is claimed, was written by the defendant to the plaintiff, sent through the mails, and received and opened by the wife of the plaintiff. Admitting that it was error to exclude the testimony as to the character of stationery used by the defendant and the kind of stamp used by the defendant, as circumstances to go to the jury on the question as to who wrote the letter in question, yet, even with all of the testimony which was offered admitted, there would be no proof of publication of the libel. In the civil action for libel it is necessary to show that the libelous matter was published by being communicated to some third

person. Consequently a sealed letter, sent through the mail to the person who claims to be libeled, is not such a publication as the law requires, unless there is evidence to show that the party who sent it knew that some other person was in the habit of opening letters, or that in the ordinary course of business the contents of the letter would come to the knowledge of some third person.—*Weir v. Hoss,* 6 Ala. 881, 888; *Wilcox v. Moon,* 64 Vt. 450, 24 Atl. 244, 15 L. R. A. 760, 33 Am. St. Rep. 936; *Spaits v. Poundstone,* 87 Ind. 522, 44 Am. Rep. 773; *McIntosh v. Matherly,* 9 B. Mon. (Ky.) 119; *Lyle v. Clason,* 1 Caines (N. Y. ) 581; *Sylvis v. Miller,* 96 Tenn. 94, 33 S. W. 921; *Warnock v. Mitchell* (C. C.) 43 Fed. 428; Newell on Defamation, Slander & Libel, p. 227, § 1; *Rumney v. Worthley,* 186 Mass. 144, 71 N. E. 316; *State v. Syphrott,* 27 S. C. 29, 2 S. E. 625, 13 Am. St. Rep. 616.

There is no evidence, offered or admitted, which tends to show whether the letter in question was written by the person who sent it, or dictated. So it cannot be said that there was any proof of publication by dictation to any third person. These facts being apparent on the record, it matters not whether there was, or not, error in excluding the testimony offered. There was a failure to make out a prima facie case, and the evidence as a whole was properly excluded.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.