# CHIPPEWA COUNTY STATE BANK v. J. H. HAUBRIS.[1]

### November 28, 1913.

### Nos. 18,387—(132).

**New trial.**

Where the issue is whether a promissory note had been altered before or after defendant's indorsement thereof, and the evidence was conflicting and not palpably in favor of the verdict, this court will not interfere with the trial court's discretion in granting a new trial. [Reporter.]

Action in the district court for Chippewa county to recover $599.89 upon a promissory note payable to the order of defendant and by him indorsed to plaintiff for value before maturity. The complaint alleged that before maturity defendant duly waived in writing on the back of the note presentment to and demand for payment from the maker of the note and notice to defendant of nonpayment. The answer specifically denied this allegation of the complaint, and alleged that, if the note contained such waiver, the same was placed thereon by plaintiff or other persons unknown to defendant, without his consent, after the same was indorsed by defendant and that the note in that respect was altered and falsified and therefore as to defendant was void. The case was tried before Qvale, J., and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*J. M. Freeman,* for appellant.

*A. E. Kief, J. O. Haugland* and *Oluf Gjerset,* for respondent.


PER CURIAM.

Action against the payee of a promissory note who had transferred the same before maturity to plaintiff by his indorsement waiving demand, notice of demand and nonpayment. Defense that the waiver found above the indorsement was placed thereon after the transfer. Verdict for defendant. On motion of plaintiff the court granted a new trial on the ground that the verdict is not justified by the evidence. Defendant appeals.

The order must be affirmed. Defendant testified positively that the waiver, which was by a rubber stamp, was not on the note when he signed his name on the back thereof. Plaintiff cashier is equally positive in his testimony that

1 Reported in 143 N. W. 1123.

he affixed the rubber stamp before defendant's signature was attached. No other witness had any knowledge of the actual transaction. Under this state of the record our decisions settle, beyond controversy, that we should not interfere with the trial court's discretion in awarding a new trial. The testimony is not manifestly and palpably in favor of the verdict. Hicks v. Stone, 13 Minn. 398 (434), has always been adhered to. Farmer v. Stillwater Water Co. 99 Minn. 119, 108 N. W. 824; Kramer v. Perkins, 102 Minn. 455, 113 N. W. 1062; Avery v. Holliston, 104 Minn. 178, 116 N. W. 354; Hansen v. Lee, 104 Minn. 232, 116 N. W. 482; Marek v. Holey, 119 Minn. 216, 137 N. W. 969.

Order affirmed.