# WALTHAM STATE BANK v. G. W. TUTTLE AND OTHERS.[1]

### July 25, 1924.

### No. 23,983.

**Material alteration in promissory note avoids it, when.**

1. The evidence sustains a finding that the words "without recourse" above an indorsement by the payee of a note were erased and the words "demand and protest waived" substituted. Such change was a material alteration under section 125 of the Negotiable Instruments Act; and under section 124 it avoided the instrument except as against one making or assenting to the alteration, and subsequent indorsers, and except that a holder in due course, not a party to the alteration, can enforce payment according to the original tenor of the instrument.

**Request to charge correct.**

2. A requested instruction that if there was such alteration by the plaintiff, the purchaser of the note, or with its knowledge or consent, there could be no recovery against the payee who indorsed it, was correct.

**Plaintiff charged with notice of alteration.**

3. The evidence sustains a finding that the alteration was made after the note came to the plaintiff by purchase under circumstances charging it with the effect of the alteration.

**No right of recovery against guaranteeing defendant, as matter of law.**

4. One of the defendants, a payee of the note, made a written guaranty waiving presentment, protest and notice and consented to the extension of the time of payment. His claim is that the indorsement was made without consideration after he sold and delivered the note to the defendant who sold to the plaintiff. It is *held* that under the facts stated in the opinion there was not, as a matter of law, a right of recovery against the defendant upon this indorsement.

**Note avoided by material alteration, even if plaintiff is not prejudiced.**

5. Such a material alteration as found avoids the note although the party seeking the avoidance would not be prejudiced if the alteration were effective.

[1]Reported in 199 N. W. 970.

**Directed verdict against one defendant correct.**

    6. A verdict was directed against the defendant who indorsed the note to the plaintiff for a consideration. He interposed an answer but soon after the trial began took no further part in it. No objection was made to the direction of a verdict. It is *held* there was no error in directing a verdict against him.

Action in the district court for Mower county to recover $3,000 upon a promissory note. The case was tried before Peterson, J., and a jury which returned a verdict as stated in the first paragraph of the opinion. From an order denying their motions for a new trial, defendants Babcock and Decker took separate appeals. Reversed as to Babcock; affirmed as to Decker.

*Catherwood & Nicholsen* and *E. N. Hoffman*, for appellants.

*Arthur W. Wright* and *Martin A. Nelson*, for respondent.

DIBELL, J.

This is an action on a promissory note dated March 1, 1918, due in three years, made by the defendants Tuttle and Allem to the defendants Babcock and Lewis. Lewis transferred his interest in the note to Babcock, who transferred to defendant Decker, who transferred to the plaintiff bank. Allem was not served and did not appear. Tuttle was served but did not appear. There was a verdict against Tuttle, Babcock and Decker, but not against Lewis. The verdict against Tuttle and Decker was directed by the court. The defendants Babcock and Decker appeal from orders denying their separate motions for a new trial.

1. The evidence sustains a finding that the words "without recourse" were written above the indorsements of Babcock and Lewis, and that they were erased and the words "demand and protest waived," substituted. Reference to some of the evidence is had in paragraph 3 of the opinion.

An alteration which changes "the number or the relations of the parties," or any "change or addition which alters the effect of the instrument in any respect," is a material alteration. Neg. Inst. Act. § 125; G. S. 1913, § 5937.

The effect of a material alteration is as follows:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers.

"But when an instrument has been materially altered, and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor." Neg. Inst. Act, § 124; G. S. 1913, § 5936.

The erasure of "without recourse" and the substitution of "demand and protest waived" is a material alteration. In Sawyer State Bank v. Sutherland, 36 N. D. 493, the insertion of the words "protest waived" above an indorsement was held to constitute a material alteration. And see Chippewa County State Bank v. Haubris, 123 Minn. 530, 143 N. W. 1123; 5 U. L. A. §§ 124, 125, p. 454, et seq. and cases cited.

2. The following instruction was asked and refused:

"If the words 'without recourse' or their equivalent were erased from this note and the present indorsement 'demand and protest waived' was inserted in their place by any officer or officers of the Waltham State Bank or with their knowledge or consent, there can be no recovery against Dr. Lewis in this action and he is entitled to a verdict in his favor, unless you find that Dr. Lewis knew of or consented to the alteration.

"Neither can there be any recovery against Mr. Babcock unless you find that he knew of or consented to the alteration."

The instruction correctly stated the law. No like instruction was given. The one requested should have been given, or the principle embodied stated in the general charge, if the evidence made it applicable.

3. Whether the alteration was made after the note was taken by the bank was for the jury. Lewis testifies that when the note by his indorsement became the sole property of Babcock it bore "without recourse" above his signature and that "demand and protest

waived" were not upon it. Babcock testified that when he took the note from Lewis the words "without recourse" were written above the signature of Lewis; that when he transferred it to Decker he wrote his name between the words "without recourse" and the signature of Lewis; that the words "demand and protest waived" were not then on the note. Decker testifies that when he took the note from Babcock it bore the words "demand and protest waived"; that he put it among his papers at the bank; and that he made no alteration. Schaefer, the cashier of the bank, says the note came to the bank in the condition in which it is now. The proof of a change after coming to the bank is not at all conclusive and in some respects unsatisfactory. The question was for the jury. See Chippewa County State Bank v. Haubris, 123 Minn. 530, 143 N. W. 1123. The evidence sustains a finding charging the plaintiff with the effect of the alteration. The requested instruction was applicable, and it or its substantial equivalent should have been given.

4. Babcock, in addition to his indorsement "without recourse" guaranteed the note by an indorsement on the back as follows:

"For value received I hereby guarantee the payment of the within note and interest and do hereby waive presentment, protest, notice of protest and consent that time of payment may be extended without notice to me."

It is the plaintiff's theory that Babcock is liable on this guaranty irrespective of the alteration. His liability is not conclusively shown. If he "made, authorized or assented to the alteration," or if he is within the class designated "subsequent indorsers," he is liable under section 124; and under the same section the plaintiff if a "holder in due course" can recover according to the original tenor of the instrument. See Public Bank v. Burchard, 135 Minn. 171, 160 N. W. 667. Babcock claims that he did not make, authorize or assent to the alteration, and that he was not an indorser subsequent to it. Further he claims that his guaranty was made without consideration at the request of Decker after his indorsement and transfer of the note, and that in no event was the bank a holder in due course. There is evidence which we are constrained to

hold sufficient, as stated in the preceding paragraph, to make it a question for the jury whether the alteration was made after the note reached the plaintiff. Upon the facts there is not a right of recovery as a matter of law under the exceptions of section 124.

5. The plaintiff suggests that Babcock was not injured, since the alteration, if effective, would merely add the liability of another party, Lewis, Babcock in any event being liable on his guaranty. But the considerations stated in the preceding paragraph aside, this is not the test. The general rule, under present holdings, is that a negotiable instrument or other contract is avoided by a material alteration, because it is the policy of the law not to tolerate material alterations in a written contract, though the particular alteration is not injurious to the party seeking its avoidance. 3 Williston, Contr. § 1903; 2 C. J. 1174; 2 Daniel, Neg. Inst. § 1375; note 46 L. R. A. (N. S.) 1043; note 9 A. L. R. 1087; Commercial Bank v. Maguire, 89 Minn. 394, 95 N. W. 212. And see Board of Co. Commrs. v. Greenleaf, 80 Minn. 242, 83 N. W. 157, involving an alteration favorable to a surety, and cases cited.

The rule prevails under the Negotiable Instruments Act. Washington Finance Corp. v. Glass, 74 Wash. 653, 134 Pac. 480, 46 L. R. A. (N. S.) 1043; Keller v. State Bank, 292 Ill. 553, 127 N. E. 94, 9 A. L. R. 1082; Mechanics' Am. Nat. Bank v. Helmbacher, 199 Mo. App. 173, 201 S. W. 383.

We cannot sustain the plaintiff's contention.

6. Soon after the trial began Decker seems to have appreciated that he had no worth while defense and he did not further participate in the trial. Upon his own testimony he was probably liable. His answer barely, if at all, states a defense. A verdict was directed against him without objection. It should stand.

Counsel for the plaintiff presents an exhaustive collection and thorough discussion of the cases. We do not cite them all. They have been examined carefully. Upon most points we are not in disagreement. The reversal is based upon the refusal to charge discussed in paragraph 2 of the opinion, and the other points are mentioned in view of a new trial.

The order from which Babcock appeals is reversed and that from which Decker appeals is affirmed.