## IDA OLSON v. MALINA MOLLAND.[1]

October 17, 1930.

No. 28,042.

*Ozro Yakey,* for appellant.
*S. S. Smith* and *O. W. Bowen,* for respondent.

Holt, J.

Plaintiff had a verdict, but on respondent's motion the court ordered judgment in her favor notwithstanding the verdict. From the judgment so entered plaintiff appeals.

The action was for a libel contained in a letter written by respondent and mailed to plaintiff. Admittedly the letter libeled plaintiff; but the ground upon which the court vacated the verdict and ordered judgment is that respondent did not publish the libel.

[1]Reported in 232 N. W. 625.

The facts as testified to by plaintiff are these: She received the letter by mail, opened and read it, then placed it in a drawer with a letter received the same day from her sister. Her mother was visiting her. Knowing that plaintiff had received a letter from her daughter, the mother desired to know its contents and in searching for it found both that letter and the one from respondent in the drawer; and, as she was unable to read English, she took both to her son and he read respondent's.

We think the learned trial court was right in holding that there was no publication for which respondent can be held responsible. The rule is well stated and fortified with authorities in Rumney v. Worthley, 186 Mass. 144, 145, 71 N. E. 316, 1 Ann. Cas. 189:

"Sending a libelous letter through the mail to the person libeled, with no reason to suppose that it will be opened and read by anyone else before he has received and read it, is not a publication which will support a civil action for libel." The same is recognized in Hedgepeth v. Coleman, 183 N. C. 309, 111 S. E. 517, very fully annotated in 24 A. L. R. 232.

In the instant case there is no evidence from which the jury could infer that respondent had reason to suppose that the libelous letter would be opened or read by anyone else before it was read by plaintiff. She knew plaintiff could read it and was a person of mature age and understanding. When plaintiff had acquainted herself with its contents she had the power to prevent any other person from knowledge thereof—a publication—by destroying the letter.

Plaintiff thinks Kramer v. Perkins, 102 Minn. 455, 113 N. W. 1062, 15 L.R.A.(N.S.) 1141, is in her favor. Obviously it is not, for the letter libeling the plaintiff there was sent by the defendant to the plaintiff's wife. He opened it, as was customary in the household, and read a few lines written to him upon the outside of the letter, then handed the entire letter to the wife, and they both read it practically at the same time. Nor do the cases cited in that decision help plaintiff. In Seip v. Deshler, 170 Pa. 334, 32 A. 1032, a clerk authorized to open business letters, such as the one the defendant sent to the plaintiff, opened and read it before the plaintiff

saw it. In Rumney v. Worthley, 186 Mass. 144, 71 N. E. 316, 1 Ann. Cas. 189, there was evidence that the defendant had reason to believe that other members of the plaintiff's household might open and read the letter. Appellant relies particularly on Allen v. Wortham, 89 Ky. 485, 13 S. W. 73; but there, as in Kramer v. Perkins, 102 Minn. 455, 113 N. W. 1062, 15 L.R.A. (N.S.) 1141, the letter libeling the wife was mailed to and opened and read by the husband. In Hedgepeth v. Coleman, 183 N. C. 309, 111 S. E. 517, it was held that from the fact that the libelous letter sent to a 14-year old boy also contained threats the jury might infer that the sender would know that of necessity the boy would exhibit it to others in order to get advice.

By plaintiff's neglect or omission to destroy the libelous letter when it came into her hands she became instrumental in its first publication and cannot maintain an action for damages against the sender of the letter.

The judgment is affirmed.