## STEFFENS v HEWITT

Ohio Common Pleas, Hamilton Co

Decided Nov 5, 1937

Wm. C. Schuch, Cincinnati, and David Hilckmann, Cincinnati, for plaintiff.

Daniel C. Handley, Jr., Cincinnati, for defendant.

### OPINION

By SCHNEIDER, J.

Plaintiff seeks damages under three causes of action, to all of which defendant demurs generally. The first and third causes of action allege libel in that defendant, who is a physician, after making a physical examination of plaintiff, wrote and signed a letter containing an alleged malicious libel concerning plaintiff; that the said letter came to plaintiff's residence and that plaintiff's wife read the said letter before he came home, and, as a result thereof, under both causes of action, the plaintiff claims damage.

Libel is defined as:

"Any false and malicious publication of and concerning anyone, in writing, with intent to injure his reputation," or, "anything written or printed which reflects upon the character of another and is published without lawful justification or excuse regardless of the intention." Watson v Trask, 6 Ohio 532; Kahn v Cincinnati Times Star, 8 N.P. 616.

The question here for determination is whether publication is sufficiently alleged in the petition.

The petition does not set forth to whom the letter was addressed. If the letter was addressed to the wife, it would clearly be a publication. On the other hand, if the letter was addressed to the plaintiff in a sealed envelope and delivered through the United States mails to the plaintiff's residence, it would be necessary for the petition to further allege that the defendant knew or had reasonable grounds to believe that in due course the letter would be opened and read by the wife, and that the wife would so open and read the letter. A married woman has no legal right to open and read a sealed letter addressed to the husband, and it has been held that where a letter so addressed is mailed and is opened by the wife, this would not be sufficient to constitute a publication by the sender unless the sender had good reason to believe that the letter was likely to be opened and read by some authorized person other than the addressee.

Rumney v Worthley, 186 Mass. 144; Wilcox v Moon, 64 Vermont 450; Buckwalter v Gossow, 75 Kansas, 147.

The court is of the opinion that the petition in this case does not allege facts sufficient to constitute a publication of the alleged libel.

As to the second cause of action alleging malpractice, it is asserted that the defendant negligently and carelessly examined the plaintiff and made an incorrect diagnosis of his case, as a result of which plaintiff was damaged.

While it is true that an action for malpractice may be predicated upon failure to exercise due care in the diagnosis of an ailment, errors of judgment alone will not necessarily create a liability for malpractice. The petition does not show that any treatment resulting from the alleged erroneous diagnosis caused damage, and for this reason the court finds that the second cause of action is insufficient in law.

The demurrer to the petition will be sustained.