This is an appeal by the plaintiff from a summary judgment entered for the defendant in a defamation action. We affirm.
Plaintiff Cole worked as a maintenance man for Roselawn Cemetery, Inc. He was discharged in early 1981. Defendant Cooper is an accountant who handles Roselawn's books, including filling out and filing forms with the Department of Industrial Relations. By affidavit, which was not contradicted, he said: *Page 1258 
 "When the forms came in on Jimmy Cole from the Department of Industrial Relations, I had or picked up the forms from Roselawn Cemetery. I inquired of Mrs. Chandler [described by plaintiff Cole as the "boss"] at Roselawn Cemetery, I believe by phone, as to the reason for his termination so I could fill out the forms. She told me that he was suspected of stealing. I told her that was rather strong, and that I would come over and talk to her about it. Before I filled out the forms, I went to the office of Roselawn Cemetery, talked to Mrs. Chandler, and after a rather lengthy conversation in which she assured me that Mr. Cole was discharged because of suspected stealing, and after I told her this was a strong statement to send to the Department of Industrial Relations, she told me it was true. She indicated she knew the consequence thereof and that it was true. I had no personal knowledge of the same, investigated it to the extent that I talked to Mrs. Chandler, and as the agent for Roselawn Cemetery, Inc., I filled out the form and sent it to Montgomery to the Department of Industrial Relations, stating what had been told to me by the employer as the reason for his discharge."
It was not disputed that Cooper acted solely as the agent for the employer in submitting the forms to the Department. He did not know Mr. Cole.
Section 25-4-116, Code 1975, provides in part:
 "All letters, reports, communications and other matters, written or oral, from employer or employee to each other or to the director or any of his agents, representatives or employees, or to any official or board functioning under this chapter, which shall have been written, sent, delivered or made in connection with the requirements and administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any civil action for slander or libel in any court."
Clearly, under this statute, the communication from Cooper, acting as agent for the employer, was privileged. Whether it is an absolute privilege or merely a qualified one, we have not decided and need not decide here, because there is no suggestion by the plaintiff or anyone on his behalf that the statements made were attended with malice or ill will.
 "`Where a communication is conditionally privileged, it is free from the legal imputation of malice and is actionable only if there is actual malice. O'Barr v. Feist, 292 Ala. 440, 296 So.2d 152 (1974). The burden is on plaintiff to prove actual malice. Interstate Electric Company v. Daniel, 227 Ala. 609, 151 So. 463
(1933).
 "`This Court has recognized that disposition of the issue of actual malice by summary judgment is generally inappropriate. Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975). However, where no proof of malice is offered at all, summary judgment is appropriate. Id.
"`Actual malice
 "`". . . may be shown by evidence of previous ill will, hostility, threats, rivalry, other actions, former libels or slanders, and the like, emanating from the defendant, or by the violence of the defendant's language, the mode and extent of publication, and the like.'"
 "`Kenney v. Gurley, 208 Ala. 623 at 626, 95 So. 34
at 37.'
 "Willis v. Demopolis Nursing Home, Inc., 336 So.2d 1117, at 1120 (Ala. 1976)."
Dent v. Smith, 414 So.2d 77, 78-79 (Ala. 1982).
Here, as in Dent, the movant showed that there was no set of facts which could be shown, not even a scintilla, which would constitute a genuine issue on the question of malice on the part of Cooper; therefore, if the statutory privilege is only a qualified one, the defendant has carried his burden, and summary judgment was proper.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 1259