This is an action for libel. The trial court granted summary judgment for the defendant. Plaintiff argues that there was a publication of the allegedly libelous letter, to the author's secretary and to the plaintiff's wife; further, that the statement was made with malice and so was not privileged.
Mike Dixon was employed by The Economy Company, from 1980 until 1982, as a promoter of the company's school textbooks. On April 21, 1982, Jim Harrell, Dixon's district sales manager, terminated Dixon's employment. Dixon requested a letter for the Department of Industrial Relations so that he might receive unemployment benefits. On April 26, Dave Watt, the company's southern division manager, wrote a letter to Dixon which included the following:
 "Despite repeated counselling and memos relating to your performance and the way you have been conducting your business, I have no other choice but to sever your relationship with The Economy Company. Some of the problems have been: lack of appointments, failure to learn company products, complaints from customers, and living outside your *Page 354 
territory. Your poor attitude has been apparent in your dealings with all levels of people in the office and many of your customers."
Dixon contends that the true reason for his discharge was a reduction in force due to declining company business, and that this letter was written to prevent the company's unemployment compensation contribution rate from rising. See Code 1975, §§25-4-54 and -78.
Section 25-4-116 provides that the Department of Industrial Relations shall keep such information confidential and that no letters from employers to the department written "in connection with the requirements and administration of this chapter shall . . . be made the subject matter or basis for any civil action for slander or libel in any court." See Cole v. Cooper,437 So.2d 1257 (Ala. 1983). Dixon's complaint included claims for publication to the Alabama Department of Industrial Relations and to the Oklahoma Employment Security Commission, but he does not raise these alleged publications as grounds for holding the trial court in error.
The letter reflects on its face that Watt sent it to two other company personnel, Russ Pyle, who is not identified, and Jim Harrell, the district sales manager who actually informed Dixon of his termination. Communications among the managerial personnel of a corporation about the company's business do not constitute a publication, under the rule of McDaniel v.Crescent Motors, Inc., 249 Ala. 330, 31 So.2d 343 (1947).
Dixon does not now argue publication to these persons, but does argue that Watt's act of dictating the letter to a stenographer was a publication of the defamation, citing Ferdonv. Dickens, 161 Ala. 181, 49 So. 888 (1909); and Berry v. Cityof New York Ins. Co., 210 Ala. 369, 98 So. 290 (1923). He acknowledges that the rule of these cases was strictly limited in McDaniel, supra, but does not cite Burney v. SouthernRailway Co., 276 Ala. 637, 165 So.2d 726 (1964), which provides the rule to be applied in this case. The Court in Burney held that
 "where the letter is dictated by a corporate employee to a fellow corporate employee in the course of transacting the corporation's business and in the line of their duty as employees of the corporation and the letter is sent to another fellow corporate employee and it is in respect to that employee's relations with the corporation, there is not sufficient publication to sustain an action for libel."
Id., 276 Ala. at 642, 165 So.2d at 730-31.
Dixon's argument does refer to "publication to a secretary of slanderous statements concerning one outside the defendant organization," and mentions that he had been terminated on April 21, five days prior to the date of the letter. The fact that he was no longer an employee is not significant, however, because the letter was directly related to his discharge, followed closely after his oral notification of discharge, and concerned matters allegedly occurring during and in the course of his employment. Under the law as set out in the cases cited, dictation by Watt to a secretary employed by The Economy Company was not publication of a defamation by that company.
When the letter arrived at Dixon's home, his wife opened and read it. Dixon's sales territory had been a considerable distance from his home, and he says that his employers had suggested that his wife open his mail and telephone him about it when he was away in the field. He cites Roberts v. EnglishManufacturing Co., 155 Ala. 414, 46 So. 752 (1908), which held that there was no publication where the plaintiff's wife opened a letter addressed to the plaintiff, absent a showing that the person who sent the letter knew that some other person was in the habit of opening the plaintiff's mail. Dixon argues that he has distinguished this holding by his evidence that those at The Economy Company knew his wife was in the habit of opening his mail.
As The Economy Company points out, however, this argument for publication must fail for either of two reasons. Either the company's expectation that Dixon's *Page 355 
wife would open his mail could reasonably have ceased when Dixon was fired, or, if the expectation is deemed to have continued, the same facts show that Dixon's wife was acting as his agent when she opened his mail. In McDaniel, supra, the Court held that "if the words were spoken only to the complaining party or to his agent, representing him in the matter discussed and invited by him, it is not such a publication as will support an action for slander."249 Ala. at 332, 31 So.2d at 344. Therefore, The Economy Company either had no reason to expect that Mrs. Dixon would open her husband's mail or, if it did expect her to, knew she would be acting as his agent in the very matter which was the subject of the letter, Mr. Dixon's employment with the company.
"If there is no publication, there is no defamation." Willisv. Demopolis Nursing Home, 336 So.2d 1117, 1118, 1120 (Ala. 1976). Dixon makes no argument that he could prove any publication other than those set forth above. We pretermit discussion of Dixon's argument as to privilege because, as the cases cited establish, if there is no publication, the question of privilege is not reached. Therefore, Dixon has presented nothing to put the trial court in error for granting summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur.